### RICHARD SUYDAM v. HENRY L. KINNEY.

Change of residence by the maker of a promissory note will not interrupt prescription—where such change is known to the plaintiff—and where the collection of the note has not been shown to be impracticable.
Case of *Boyle* v. *Mann*, 4 Ann. 418—too broadly stated.

APPEAL from the Second District Court of New Orleans, *Lea*, J.
    *J. Livingston*, for plaintiff and appellant.  *John R. Grymes*, for defendant.

BUCHANAN, J. (VOORHIES, J., absent.) This suit was brought in July, 1851, upon two notes of hand made at New York on the 15th April, 1837, payable respectively, seven and twelve months after date; also, upon an account for dry-goods sold at New York, in 1836. The defence is prescription. The plaintiff has attempted to prove an acknowledgment of the debt, by propounding interrogatories to the defendant. But the answers to interrogatories peremptorily deny that any such acknowledgment was ever made. Failing in this, the plaintiff relies upon the fact that defendant removed from Illinois, the place of his residence, when the notes were made, to Texas, in the year 1839; and contends that this removal, by rendering the collection of the debt more difficult, relieved plaintiff from the operation of the laws of prescription.

We think, with the District Judge, that the removal of the defendant to Texas, has not interrupted prescription. The residence of defendant is shown to have been well known to plaintiff, and no impracticability of enforcing the collection of this debt by legal process at any time since its maturity, is proved. The rule on this subject is correctly stated in *McMasters* v. *Mather*, 4th Ann. 418. See also, *McClintock* v. *Gamble*, 9 Ann. The case of *Boyle* v. *Mann*, 4 Ann. 170, is too broadly stated. The prescription of promissory notes is peculiarly favored by our law. It runs against minors, interdicted persons, and absentees.

Judgment affirmed, with costs in both courts.