CHARLES LEVISTONES *v.* M. MARIGNY.

Where defendant was interrogated as to whether he had not promised plaintiff that he would never plead prescription against the notes sued on—*Held:* That as far as the interrogatory referred to a time prior to the acquisition of prescription, defendant could not be compelled to answer, as such an interrogatory is clearly illegal.

The interrogatory is not illegal and might properly be answered, so far as it relates to a promise made after the prescription had been acquired.

An acknowledgment by the debtor, after the prescription has been acquired, that he has not paid the debt, would not bind him to pay it, because he could still urge his plea of prescription.

An acknowledgment in writing over his signature by the debtor, that a demand has been made upon him, is sufficient to put him in default and to make his debt bear interest from the date of his acknowledgment.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J.
G. & C. E. *Schmidt,* for plaintiff. *Whitaker & Fellows,* and *Collins & Wooldridge,* for defendant and appellant.

COLE, J. This is a suit on two promissory notes of $800 each, and due respectively on the 24th of February and 24th of March, 1841. Defendant denies all the allegations of plaintiff's petition, and pleads the prescription of five and ten years.

There was judgment for plaintiff, and defendant has appealed.

In order to defeat the plea of prescription, plaintiff filed, on the 20th November, 1857, a supplemental petition, containing the two following interrogatories:

1. Are the notes sued upon in this case signed by you, and have you promised plaintiff never to plead prescription against them?

2. Have you, at any time within the last five years, recognized your indebtedness to plaintiff upon said notes?

The first interrogatory contains two questions, viz: 1st, if the defendant had signed the notes sued on; and, 2d, if he had promised never to plead prescription against them?

To the first of these questions, we can see abstractedly no objection. So far as the promise never to plead prescription in the second question of the first interrogatory refers to a time prior to the acquisition of the prescription, it is clearly illegal.

Article 3423 C. C. declares, "one cannot renounce a prescription not yet acquired;" see also *Carraby & Navarre,* 3 La. 262. But we do not consider the question illegal so far as it relates to a promise made after the prescription had been acquired. It has been urged by defendant, that Articles 3422 and 3515 of the Civil Code are opposed to this view, but we do not think so. Article 3422 of the Civil Code declares, that "prescription by which debts are released, is a peremptory and perpetual *bar* to every species of action, real or personal, when the creditor has been silent for a certain time, without urging his claim"; but this Article does not enjoin the debtor from waiving the bar, if he wishes; the *bar* is a protection furnished by the law to the debtor; but there is no statute which deprives him of the privilege of dispensing with this plea if he thinks proper to do so.

Art. 3515 C. C. provides that: "Good faith not being required on the part of the person pleading this prescription, the creditor cannot compel him or his heirs
45

LEVISTONES
v.
MARIGNY.

to swear whether the debt has or has not been paid, but can only blame himself for not having taken his measures within the time directed by law; and it may be that the debtor may not be able to take any positive oath on the subject."

This Article forbids the creditor to ask the debtor or his heirs under oath, if the debt has been paid, but it does not enjoin the creditor from asking under oath of the debtor or his heirs, if he or they have promised not to plead prescription against the debt, for the question is an admission that the prescription exists, but that its effect has been destroyed by a new obligation created since the acquisition of prescription, and there is nothing in this article which forbids the interrogation of the debtor relative to such new promise.

Art. 3423 of the Civil Code expressly recognizes the right of renouncing prescription already acquired; it declares, " one cannot renounce a prescription not yet acquired, but it is lawful to renounce prescription when once acquired."

If a debtor can then renounce prescription, it must be lawful to ask him if he has not promised to renounce it, and if he can be asked this question, he then can be interrogated whether he has not promised not to plead prescription, for a promise not to make this plea is a renunciation of prescription, for Art. 3424 C. C. declares, that a " renunciation of prescription is either expressed or tacit; a tacit renunciation results from a fact which gives a presumption of the relinquishment of the right acquired by prescription."

It is objected, that if it is not lawful to inquire if the debt has been paid, it is equally unlawful to ask, if he has promised not to plead prescription, for the latter interrogatory includes the former and is based upon it; this objection is untenable, for the interrogatory tacitly admits that the debtor has a valid bar to the action for the debt, that it is deemed by the law to have been paid on account of the lapse of a certain time, and merely asks him if he has not entered into a new contract by which he is bound not to plead this bar; the question whether he has paid the debt is essentially different from whether he has promised not to plead prescription. This same objection, if there was any force in it, would equally apply to the question, whether a debtor had not renounced prescription. If it be objected that a promise not to plead prescription is without effect, for it is a promise without consideration, it will be a sufficient answer to this to say, that Art. 3423 C. C. allows it without reference to the moral obligation to pay what is due.

2. The second interrogatory inquires of defendant, whether or not he has at any time within the last five years recognized his indebtedness to plaintiff upon the notes.

A mere acknowledgment by a debtor after prescription is acquired, that he has *not paid the debt*, would not perhaps bind him to pay, because he could still urge his plea of prescription when sued; for he does not by such an acknowledgment promise not to make the plea, nor does he thereby promise to pay, nor does he acknowledge *the debt*. We are of opinion that the second interrogatory is subject to no legal objection, but it can have no effect unless the recognition of defendant's indebtedness consisted of an acknowledgment of the debt, or of a promise to pay it without any express acknowledgment that the debt was unpaid, for a promise to pay includes the recognition that the debt is still due. See *Butler* v. *Ford*, 9 Rob. 113; *Shiff* v. *Hertzogg*, 12 La. 455; *Wilson* v. *Bannen*, 1 R. 556; *Montgomery and another* v. *Levistones*, 3 R. 147; C. C. 3486; C. P. Art. 13.

Art. 3420 C. C. declares that " prescription is a manner of acquiring property or discharging debts, by the effect of time, and under the conditions regulated by

law." It appears to be a natural conclusion from this Article, and from Article 13 of the Code of Practice, which declares that prescription merely affects the remedy, that when a debt is prescribed, it is discharged, and the original debtor cannot be held liable without a new acknowledgment of the debt or a promise to pay, or not to plead prescription, for these destroy the presumption of law that the debt has been paid, and his new acknowledgment or promise binds him to pay the amount thereof. *Butler* v. *Ford,* 9 R. 113.

There is an error in the judgment as to the time when interest begins to run on the note not protested. Defendant avers that he is not responsible for more than legal interest from judicial demand. We think he is liable on the note not protested for interest since the 1st of March, 1846, when he signed a written acknowledgment on the note that plaintiff had made a demand of him for its payment. Art. 1932 C. C. declares that in contracts which do not stipulate for the payment of interest, it is due from the time the debtor is put in default for the payment of the principal. Art. 1905 C. C. provides three ways by which a debtor may be put in default, one of which is by the act of the party, when at or after the time stipulated for the performance, he demands that it shall be carried into effect, which demand may be made either by the commencement of a suit, by a demand in writing, by a protest made by a Notary Public, or by a verbal requisition made in the presence of two witnesses. We think that the object of this Article is to provide modes of making proof of a demand, and that when a debtor acknowledges in writing under his signature, that a demand has been made of him, the object and reason of the law are accomplished, and this acknowledgment is sufficient to put him in default, and to make his debt bear legal interest from the day of the acknowledgment.

We would here observe, that the statute making all debts bear interest from their maturity, does not apply to this note, because it was made before the passage of the statute.

We have deemed it necessary to express our opinion on all the points of this case, as there is an objection urged by defendant which renders it proper to remand this cause; he avers he was willing to have answered the interrogatories, although he did not deem them legal, but being mislead by the rules of court, he was not present at the hour indicated in the order of court, and the interrogatories were taken for confessed, and judgment was rendered against him.

The rules of court alluded to are the following : " The regular hour for the opening of court will be 10 A. M., but for the dispatch of business, the Judge may fix another hour."

" *Notice.*—The hours from 9 to 11 A. M. of each day will be appropriated to the hearing of motions and trial of rules and exceptions, until all the cases now fixed for Friday of each week are disposed of. Counsel will bear in mind that every rule fixed on after Monday next, the 23d, will be returnable at 9 o'clock A. M. as above.

" By order of the court.
" November 17, 1857."

In the supplemental petition, which contained the interrogatories, plaintiff had prayed that defendant be ordered to answer them under oath in open court *on the trial of the cause,* on Monday, the 23d of November, 1857, at 10 o'clock A. M.

It appears also from the minutes of the court of 23d of November, 1857, that the cause was called up for trial, and that defendant failing to appear, on motion

LEVISTONES
v.
MARIGNY.

of counsel for plaintiff, it is ordered, adjudged and decreed, that the interrogatories be taken for confessed, and that there be judgment against defendant.

It thus appears that the cause was fixed for the 23d November, and the interrogatories were to be answered after the cause was taken up.

The counsel of defendant was justifiable in supposing that under the rules of court, the case could not be called until 11 A. M.

It appears he informed his client, who was proceeding before ten o'clock to the court-room, to answer the interrogatories, that by a rule of court posted up in the court-room, the hours from 9 to 11 had been set apart for rules, and the trial of this cause could not begin until 11 o'clock; his client came into court before 11 o'clock, and was surprised to find that the case had been decided.

These allegations are supported by the affidavit of defendant and his counsel.

It is objected, that defendant was bound to obey the order of court and be present at 10 o'clock A. M.; but as there was also another order or rule of court relative to the trial of causes, he naturally construed the one by the other, and supposed the real intent of the order was that he should be present at 11 A. M.

As defendant really intended to answer and failed to do so from a reasonable cause, he is entitled to a new trial. *Wall* v. *Bry*, 1 An. 312.

It is, therefore, ordered, adjudged and decreed, that the judgment be avoided and reversed; and that the cause be reversed for a new trial, and that plaintiff pay the costs of appeal.

SPOFFORD, J., took no part in this cause.