No. 14,317.

SUCCESSION OF JAMES E. SLAUGHTER. ON THE OPPOSITION OF J. H. GARDNER.

SYLLABUS.

1. Acknowledgment of a debt will interrupt the course of prescription, but a mere acknowledgment of the existence of the debt will not operate the renunciation of an acquired prescription.

2. An expression of ability on the part of the debtor to pay his debt followed by part payment, amounts to nothing more than to a mere acknowledgment of the existence of the debt, and does not operate the renunciation of an acquired prescription.

APPEAL from the Twenty-seventh Judicial District, Parish of Ascension—Leche, J.

Edward M. Hudson and Mercer W. Patton, for the Heirs, Appellants.

Ambrose Smith, for Opponent, Appellee.

The opinion of the court was delivered by ·

PROVOSTY, J. The opponent, J. H. Gardner, was holder of three notes of the de cujus. One for $500, dated May 28th, 1884, due forty-five days after date, with eight per cent. interest from date. Another

for $200, dated May 1st, 1885, due sixty days after date, with eight per cent. interest from date. And another for $75, dated May 31st, 1889, due sixty days after date, with eight per cent. interest from date. All to the order of the opponent.

No payment had been made on these notes, and they were long prescribed when, on the 28th of July, 1900, the *de cujus* wrote a letter to the opponent in which is found the following:

"And my memorandum book tells me I owe you money. That I can pay. Difficulty to pay you constant, never failing friendship. I must plead *bankruptcy* for that."

This excerpt is the only part of the letter having reference to any debt of the *de cujus* to the opponent.

Five months later the *de cujus* gave the opponent a check for $1000. Parol evidence being inadmissible to show the circumstances under which this payment was made, the payment stands as an isolated fact in the case.

Parol evidence was admitted, and we think properly, to show that the three notes in question were the only debt due by the *de cujus* to the opponent. McGinty vs. Henderson, 41 Ann. 384.

The question is whether, under this condition of the facts, that part of the three notes not satisfied by the $1000 payment was taken out of prescription.

The renunciation of a prescription once acquired may be either express or tacit. C. C. 3461.

The letter standing by itself amounts to nothing more than to an expression of ability on the part of the writer to pay some uncertain sum of money which his memorandum book told him he was owing the opponent. The payment of the $1000 reduced to an isolated fact, as it is by the exclusion of parol evidence to show the circumstances under which it was made, amounts at most to an acknowledgment of the existence of the debt. The letter and the payment taken together amount to nothing more than to an acknowledgment of the existence of the debt. They neither expressly nor tacitly renounce the acquired prescription. A man may acknowledge his debt, and pay part of it, without renouncing the prescription acquired on it. Frellsen vs. Gantt, 25 Ann. 477; Levistones vs. Marigny, 13 Ann. 354; Blossman vs. Mather, 5 Ann. 325; Utz vs. Utz, 34 Ann. 754; Lackey vs. Mac Murdo, 9 Ann. 18; dissenting opinion of Judge Ogden.

The following common law cases collated by the diligence of the learned counsel for the succession are interesting to read in connection with the question of the renunciation of an acquired prescription. Braithwaite vs. Harvey, 14 Mon. 27; L. R. A. 110; Bell vs. Morrison, 1 Peters, 363; McCormick vs. Brown, 36 Cal. 185; Bidwell vs. Brizzolard, 56 Cal. 382; Kruger vs. Kruger, 76 Tex. 72; also 7 L. R. A. 73; Ayer vs. Hawkins, 19 Ver. 26; also Note to Sanborn vs. Cole, 14 L. R. A.

It is ordered, adjudged and decreed, that the judgment appealed from be set aside, and that the opposition herein be dismissed at the costs of the opponent in both courts.

Rehearing refused.