PROVOSTY, J.
This suit is brought against the heirs of Edward Irwin, deceased, on five mortgage notes executed by him. The notes are long out of date and were found *1049 among the papers of Edward Irwin in an envelope with the following inscription upon it: “Five promissory notes belonging to Mrs. Mary Irwin.” In whose handwriting this inscription is is not shown.
Edward Irwin was the brother and universal legatee and testamentary executor of plaintiff’s first husband, and the mortgage, $20,000, was given in settlement of her rights as widow. Edward Irwin’s account as executor shows this.
The notes matured in one to five years after April, 1882, and this suit was filed in August, 1900. For the purpose of forestalling the defense of prescription, the petition alleges that “said notes were delivered to petitioner, who at the special instance and request of the said Edward Irwin left them in his charge and custody for petitioner’s account as petitioner’s brother-in-law and trusted agent, in whose hands said notes were kept alive,” and that various payments were made on the notes, not exceeding, however, the interest thereon.
An exception of prescription was sustained, and plaintiff has appealed.
Some letters of Edward Irwin, written to plaintiff in 1903 and 1904, were offered in evidence, in two of which $100 is said to be inclosed.
There was also offered an account book found among the papers of Edward Irwin. In this book is an account (in whose handwriting kept is not shown) headed, “Acet. of Mrs. John Irwin.” All the entries are on the debit side. The first is dated January 12, 1SS2, one month before the execution of the notes, and the last, December 4, 1890, more than fifteen years before the institution of this suit. They aggregate $3,616.74. There are twenty-seven of these for cash paid, one for groceries, three for insurance, two for repairs on house, four for taxes, and one for gravel paving. On the same book is another account, shown to be in the handwriting of Mrs. Edward Irwin, one of the defendants. It is headed, “Acct. of Mrs. John Irwin Dore. Paid by Mrs. Edward Irwin, Agent,” and contains three debit entries for insurance and taxes of 1905 and one for insurance of 1906.
The foregoing comprises all the pertinent written evidence that was offered.
When plaintiff offered to prove by parol her allegation of the notes having been left in the “charge and custody” of Edward Irwin, objection was made that parol is inadmissible to prove, any acknowledgment or promise of a party deceased for taking a debt out of prescription. Civ. Code, art. 2278. And the objection was sustained.
Counsel argue that the plea of prescription takes for confessed the allegations of the petition, and that, therefore the said agency or trust of Edward Irwin must be taken for confessed.
The plea of prescription admits the debt, except in so far as prescribed. If the plea admitted the allegations made to take the debt out of prescription, it would be self-destructive.
If, however, the allegations of plaintiff’s petition were proved, it would not show a situation interruptive or suspensive of prescription. There is no reason why the debtor’s having “charge and custody” of his own notes should prevent prescription from running. Indeed, it ought, if anything, to help it along, as reinforcing the' presumption of payment or remission.
Between such a position and that of giving property in pledge to the creditor there is manifestly no analogy.
The situation would be different if the note, instead of being simply placed in the “charge and custody” of the debtor, were confided to him for the purpose of having suit brought thereon.
Of the latter description was the situation in the case of Delpech v. Cardoze, Cass. 3 Jan. 1832, Journal de Palais, 1832, p. 530, where the court of cassation held that prescription had been suspended. The holder of *1051 a bill of exchange had confided it to the maker, for him to cause suit to be brought on it against the acceptor, and the court held that the maker, having failed to bring the suit, which would have interrupted prescription, could not himself invoke prescription.
It is upon that decision Troplong relies in the passage to which this court refers in Boyle v. Mann, 4 La. Ann. 170. And we are satisfied it is upon that same decision Nougier relies in the passage in his work of “Des Lettres de Change” to which this court refers in Starborough v. McCall, 4 La. Ann. 322. Not having access to Nougier’s work, we cannot ascertain what the passage referred to is, nor upon what authority it is founded.
In Suydam v. Kinney, 9 La. Ann. 316, the court says that the doctrine of Boyle v. Mann, 4 La. Ann. 170, is “too broadly stated” in the decision.
Nothing connects the entries on the account book and the remittances of money in the letters with the notes. But, even if they were shown to have been payments on the notes, they would avail the plaintiff nothing. After the last of the entries in the one account there was ample time for prescription to accrue, and prescription had long accrued before the first entry of the second account or the remittances in the letters were made. The latter payments, if such these sums were, would fall under the doctrine that, while a payment will interrupt a running prescription, it will not do away with an accrued prescription. Succession of Slaughter, 108 La. 492, 32 South. 379.
We fail to see what comfort plaintiff can derive from the fact that this $20,000 debt was placed on Edward Irwin’s account as executor. There can be, and is, no question that the debt was at one time due by Edward Irwin as executor, and that it was settled for or novated by the giving of the mortgage now sued on.
We fail, also, entirely to see wherein the rule “contra non valentem agere” can apply. The courts were at all times wide open to bring the present suit. Plaintiff has brought it after, instead of before, prescription. That is all.
Judgment affirmed.