JACKMAN, Trustee, Appellant, vs. INMAN, Respondent.

*October 23—November 10, 1908*

*Witnesses: Competency: Transactions with persons since deceased.*

In an action on a promissory note by the personal representative
of the deceased payee, defendant claimed that another note,
produced by defendant, had been given for the note in suit be-
cause the prior note was supposed to be lost, and that the sec-
ond note had been paid. The note produced by defendant was
in his handwriting, including the indorsements, except the
printed words and the words "Paid in full with int." written
across its face, which words defendant testified were not on it
when he parted with its possession, and that the note was
drawn about November 18, 1901. Defendant was also permit-
ted to testify that the words "Old note lost if found canceled
by this note," indorsed on the second note, referred to the note
in suit. Defendant also produced a receipt, signed by the de-
ceased, for one year's interest on a note dated November 18,
1901, and testified that it referred to the interest on the note in
suit. *Held:*

(1) The witness was incompetent under sec. 4069, Stats.
(1898), since he was testifying to a transaction with the de-
ceased concerning which the plaintiff had offered no evidence.

(2) The evidence being within the prohibitions of sec. 4069,
Stats. (1898), was erroneously admitted over plaintiff's objec-
tion.

APPEAL from a judgment of the circuit court for Rock
county: GEORGE GRIMM, Circuit Judge. *Reversed.*

On July 7, 1900, the defendant gave W. T. Van Kirk,
now deceased, a note for $200, with interest at the rate of
seven per cent., due in one year. This action is brought by
the trustee under the will of the deceased on this note, which
was found among the decedent's papers. The defense is
payment. Defendant claims that in 1901 he gave a new
note to take the place of the one upon which this action is
brought, which was lost, and that he thereafter fully paid the
second note and thereby extinguished the debt. The second
note has an indorsement upon its face, claimed by the defend-

ant to be in the handwriting of the deceased, as follows: "Paid in full with int." Upon its back is the following indorsement, which defendant claims was made by him at the time he gave the note to the deceased: "Int. paid on old note 14.00 Nov. 18 1901 old note lost if found canceled by this note." Defendant introduced in evidence a receipt for a year's interest on a note, and was permitted, over objection, to testify that the receipt referred to the note on which suit had been brought. The action was before this court on a former appeal, and is reported in 134. Wis. 297, 114 N. W. 489. Upon the *remittitur* and a new trial judgment resulted for the defendant. This is an appeal from such judgment.

The cause was submitted for the appellant on the brief of *William G. Wheeler,* and for the respondent on that of *Jeffris, Mouat, Smith & Avery.*

SIEBECKER, J. Upon the trial the defendant produced a note and testified that it was in his handwriting, including the indorsements thereon, except the printed words and the words "Paid in full with int." written across its face, which words he states were not on it when he parted with possession of it. He also states that it was drawn about November 18, 1901. He was also permitted to testify in response to a question as to whether or not he knew what the words "Old note lost if found canceled by this note" referred to, and stated: "*A.* It refers to a lost note. *Q.* To what lost note? *A.* It refers to the note that they are bringing suit on." Defendant also produced a receipt for one year's interest on a note, signed by the deceased and dated November 18, 1901, and testified that it referred to interest on the note sued on. This evidence was duly objected to by appellant as incompetent under sec. 4069, Stats. (1898), for the reason that defendant was testifying to a transaction with the deceased concerning which the plaintiff had offered no evidence. It is

clear that this evidence pertained to a personal transaction between the defendant and the deceased. The decedent during his lifetime would have been a competent witness to refute defendant's statements he thus makes, to the effect that these indorsements refer to the note in suit and that the receipt covered interest on such note. This evidence being within the prohibition of sec. 4069, Stats. (1898), was erroneously admitted over plaintiff's objection. The obvious purpose and effect of it is to show that defendant paid the note sued on by the giving of his note dated November 18, 1901 (Exhibit 1), and which he now produces and claims to have paid the deceased in his lifetime. This is adverse to plaintiff's claim that the note sued on has not been paid. *Stewart v. Stewart,* 41 Wis. 624; *Brader v. Brader,* 110 Wis. 423, 85 N. W. 681; *Jackman v. Inman,* 134 Wis. 297, 114 N. W. 489.

*By the Court.*—Judgment reversed, and the cause remanded for a new trial.