**KINDEL v. KINDEL et al.**

No. 12744.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 3, 1932.

Rehearing Denied Jan. 7, 1933.

Grindstaff, Zellers & Hutcheson and T. F. Temple, all of Weatherford, for appellant.

R. B. Hood and Preston Martin, both of Weatherford, for appellees.

LATTIMORE, Justice.

Appellant, second wife of R. W. Kindel, deceased, has appealed from a judgment on verdict on special issues.refusing the probate of a holographic will of deceased on account of the testamentary incapacity of decedent and the undue influence exerted upon him.

There are numerous exceptions to the contestant's pleadings, most of which we think are not good. Assignments 3, 4, 10, and 16, however, are sustained. Extended discussion is unnecessary.

Complaint is made of the admission of testimony of the contestants as· to transactions with and statements by the deceased in contravention of article 3716, Rev. Statutes. To set out at length the testimony objected to would unduly burden the record. Deceased's daughter testified to the contents of letters which she says her father received from appellant. This was a "transaction with" the deceased. True, a transaction with one other than the witness, but the statute does not limit the "transaction" or declaration to one with or to a witness or heir. Parks v. Caudle, 58 Tex. 216; Hardin v. Hardin (Tex. Civ. App.) 1 S.W.(2d) 708. Apparently this rule of law was ignored. The testimony by children of the deceased as to the content of letters received by the father, that the heirs received from the father only their mother's estate, that their father showed one of them a document relative to disposition of his property that he had written, that deceased's attitude toward his children was that of love and kindness, that he engaged in business with deceased, was prohibited by that article. Assignments of error 18, 19, 21, 22, 28, 31, 32, 34, 35, 36, and 37 are sustained.

Such children were permitted to detail the death scene of their mother, who in the presence of their father asked them to take care of Lloyd, the youngest child. While the record does not show anything said directly by or to the testator, yet it is plainly offered for only one purpose—to show that the father received that request and resolved to carry it out, and, if so, was violative of article 3716, Rev. Statutes. Indeed, counsel for contestants argued that effect in his speech to the jury, and declared that testator agreed to carry out the request. Assignments 26, 30, 33, 40, and 57 are sustained.

Also assignment 42 is sustained; the evidence being immaterial.

Objection to a question to a witness being sustained, counsel for contestant proceeded to state at great length within the hearing of the jury what the appellees proposed to show by the witness, and the proponent requesting the court to withdraw these remarks from the jury was refused. This was error.

Counsel for appellees attempted to tell the jury what the law would give appellant in event the jury found for appellees. This was error.

Also counsel for appellees said to the jury: "I would say that God would palsy the hand that would write a verdict that would

disinherit any one from their father." Upon this argument being made, this case would be reversed were there no other errors. It is not the function, although alas too often the tendency, of the jury or the advocate to try to write the will for the deceased. "Undue influence" on the will of the deceased may be as harmful in the jury box or at the bar as at the board or bed of the testator.

On another trial the inquiry should be confined to the pleadings, and carefully steer clear of whether the devise "let the law take its course" or "what the laws of man and God" intended for the children to get. Assignments 54, 55, 56, and 57 are sustained.

The judgment of the trial court is reversed, and the cause is remanded.