### LERNER v. BISCHOFF et al.
### No. 14854.

Court of Appeal of Louisiana. Orleans. Dec. 10, 1934.

Lewis R. Graham and H. R. Cabral, both of New Orleans, for appellant.

Eug. D. Saunders, of New Orleans, for appellees.

WESTERFIELD, Judge.

The plaintiff, Andrew Lerner, alleging that Mrs. Leon Bischoff and Miss Leona Bischoff, the widow and daughter of the late Leon Bischoff, have accepted his succession simply and unconditionally, brings this suit against them as his heirs on a promissory note alleged to have been executed by him on September 15, 1930, for the principal sum of $300, and subject to a credit of $75, or a balance of $225. The note, plaintiff alleges, has been lost. A number of defenses were made below, but the only one with which we are now concerned is that which is based upon Act No. 207 of 1906, as amended by Act No. 11 of 1926 (page 11), and which reads, in part, as follows: "That parol evidence shall be incompetent and inadmissible to prove any debt or liability upon the part of a party de-

ceased, if a suit upon the asserted indebtedness or liability shall have been brought within a delay of twelve (12) months after the death of the deceased." Section 2.

It is admitted that this suit was instituted more than 12 months after the death of Leon Bischoff, and when, upon the trial of the case, plaintiff's counsel sought to prove the existence of the note by parol, objection was made to the admissibility of the testimony and sustained. The correctness of that ruling is the only question at issue.

The contention of counsel for the plaintiff is that the prohibition against the use of parol testimony to establish a debt of deceased, as expressed in Act No. 207 of 1906, as amended by Act No. 11 of 1926, does not extend to the proof of the evidence of the existence of the debt, making a distinction between the fact to be proved (factum probandum) and the means of proving the fact (factum probans).

Our attention is called to the well-known Myra Clark Gaines litigation (Succession of Clark), 11 La. Ann. 124, where it was held that a lost will might be proven by secondary evidence, and, says counsel, all that is attempted here is to prove the existence of the note which has been lost by the best obtainable evidence in conformity with the rule concerning the proof of lost instruments. But we are referred to no case in Louisiana where secondary proof of a lost instrument evidencing the indebtedness of a deceased person has been permitted where the suit was filed more than one year after his death, since the adoption of Act No. 207 of 1906, as amended by Act No. 11 of 1926, and we know of none.

In other jurisdictions similar cases under similar statutes have been decided, and it has been uniformly held that to permit proof of the existence of the lost instrument by parol evidence would defeat the purpose of the statute.

In Ehrenworth v. Putnam (Tex. Civ. App.) 55 S. W. 190, the Court of Civil Appeals of Texas, in considering article 3716 of the Revised Civil Statutes of Texas, held that parol testimony could not be administered to prove a transaction between a witness and decedent. The statute reads as follows:. "In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article

shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

The court said: "Plaintiff testified that his contract with Ehrenworth existed in correspondence between him and Ehrenworth, and that the letters had been lost; and his testimony as to such correspondence, and the fact that Ehrenworth contracted with him thereby to effect a trade of his stock of goods for lands, and agreeing to pay the commission, was objected to because it related to a transaction between witness and the decedent. The only ground upon which his testimony could with any semblance of reason be claimed to be admissible is the one that the contract was alleged to have been in writing and lost, and plaintiff was undertaking to prove by parol the existence and contents of the lost instruments, and not a transaction. If this view be sustained, it would be within the power of the survivor of a transaction to circumvent the statute and defeat its purpose. To us it is plain that, if the transaction is alleged to have existed in a writing or writings between the parties, proof of the writings is proof of the transaction, and this cannot be made by the testimony of the survivor. Martin v. McAdams, 87 Tex. 227, 27 S. W. 255."

See, also, Kindel v. Kindel (Tex. Civ. App.) 57 S.W.(2d) 223 (1932); Scarborough v. Blackman, 108 Ala. 656, 18 So. 735; Sabre v. Smith, 62 N. H. 663; Felz v. Felz's Estate, 170 Wis. 550, 174 N. W. 908, 909.

From the Felz Case we quote the following: "Relative to the issue submitted in the second question, the plaintiff was permitted to give oral testimony of the contents of a letter he claimed he had received from Anna Felz while he was in Minneapolis, and which letter he said was lost, to the effect that therein she stated that, if he would come back and stay with her as long as she lived, she would give him her property. The reception of such evidence was error, as the trial judge later properly concluded in his opinion in the case. Jackman v. Inman, 137 Wis. 30, 118 N. W. 189. 22 L. R. A. (N. S.) 559, and cases cited; Tolsma v. Tolsma's Estate, 183 Mich. 314, 149 N. W. 1050. The sending and receipt of the letter was a transaction between plaintiff and the deceased. Its contents constituted communications between them. The letter, if genuine and produced, would have been admissible in evidence; but to permit oral testimony of its contents by plaintiff would be to emasculate

section 4069, Stats. 1917, and would open the door wide for oral proof of any alleged letter from, or written contract with, a deceased in his lifetime and since lost. There would be no security from fraud or self-interest, for a lost written agreement could always be claimed. It is better that the loss of such a writing fall on him who sustains it than that the door which the statute closes·should be permitted to be opened in this way."

We can conceive of no useful purpose in the establishment of the existence of an obligation unless it be in connection with and in support of a claim for a debt by the creditor of the obligation against the debtor, and, certainly, that is the purpose here, for the suit itself is a demand against the heirs of a deceased person for an amount claimed to be due under a written lost instrument executed by the deceased, and that is precisely what the statute declares may not be done by secondary evidence when the suit is brought more than one year after the death of the debtor.

Our conclusion is that the trial court, in excluding the evidence offered, was correct, and consequently, and for the reasons herein assigned, the judgment appealed from is affirmed.

Affirmed.