IVEY et ux. v. JOYCE.

No. 6010.

Court of Appeal of Louisiana. Second Circuit.

March 6, 1940.

J. B. Crow, of Shreveport, for appellants.

E. W. & P. N. Browne, of Shreveport, for appellee.

TALIAFERRO, Judge.

Plaintiffs sue on open account representing the price of goods, wares and merchandise purchased by the defendant in the latter part of the year 1932 and during the months of January and February of 1933. They allege that the account was acknowledged by defendant as being correct for the full amount thereof in December, 1932; that on November 5, 1935, he paid Five ($5) Dollars thereon, leaving a balance due of One Hundred Seventy and 60/100 Dollars ($170.60), which, it is also alleged, he then admitted was due by him; that on July 6, 1936, defendant paid Seven ($7) Dollars more on the account and then admitted owing the balance of One Hundred Seventy and 60/100 Dollars ($170.60),

**34**

which is sued for. Defendant denies articulately plaintiffs' allegations. He specifically denies that he made the payments of Five ($5) Dollars and Seven ($7) Dollars on the account, and, while admitting that he delivered these amounts to Mr. Ivey, alleges that they represented loans to him. He pleads the prescription of three years in bar of recovery.

The plea of prescription was sustained and the suit dismissed. Plaintiffs appealed to this court.

In the progress of the trial, defendant admitted that the account sued on was correct as to debits. In this court two defenses are advanced, to-wit:

Failure of plaintiffs to establish title to the account and the plea of prescription.

The account was scheduled by John F. Ivey, plaintiff, as an asset when he surrendered in bankruptcy on August 29, 1933. Mrs. Ivey allegedly purchased the account at private sale of the bankrupt's estate on October 6, 1933. However, since we have reached the conclusion that the plea of prescription was properly sustained below, it appears unimportant to a final adjudication in the case that the issue of title should be given the time and thought necessary to definitely pass thereon. For the purposes of this opinion, it might be conceded that plaintiffs have an indefeasible title to the account.

The last debit charge on the account is of date February 14, 1933. Therefore, it may safely be assumed that the entire account was due and payable on or about March 15th following. Unless interrupted in some manner, prescription accrued March 15, 1936.

■ Plaintiffs insist that the Five ($5) Dollars received by Mr. Ivey from defendant on November 5, 1935, was intended to be and was, in fact, made as a payment on the account. If this were true, the payment would have the effect of interrupting the current of prescription because on that date prescription had not accrued. If not true, the account is clearly amenable to the plea because the Seven ($7) Dollars, if held to be a payment on the account, would not have the effect of renewing it or of waiving the accrued prescription, because not accompanied by definite promise to pay.

If Mrs. Ivey acquired the account from the trustee in bankruptcy, she did so on October 7, 1933. However, neither she nor her husband informed defendant that she had purchased the account from the trustee. Defendant knew nothing of the transfer to Mrs. Ivey until in October, 1936, when plaintiffs' counsel made demand for payment thereof. He was under the impression that the account was still in the bankrupt court.

There were present when the alleged payment of Five ($5) Dollars was made, only defendant, his wife and Mr. Ivey. There is serious dispute in some respects as to what was said by Ivey at the time. It occurred at defendant's home. Ivey testified that he called to see defendant at his home on November 5, 1935, and found him ill and in bed. He needed Ten ($10) Dollars to pay his taxes and asked defendant for the amount. He admits that he did not tell defendant then that he wanted a payment on the account, but adds that he asked for the amount because Joyce owed the account. Defendant did not have as much as Ten ($10) Dollars, but stated that he could let him have Five ($5) Dollars, which was done. As stated before, defendant then was under the belief that Ivey had lost the account through the surrender in bankruptcy. Ivey is positive he did not ask defendant to loan him any money. He simply says that he asked Joyce for the money.

Defendant does not recall whether Ivey stated he desired to borrow the Ten ($10) Dollars or not, but is certain he said nothing about a payment on the account; and, therefore, he assumed that it was to be a personal accommodation, a loan. The parties were then and at date of trial on very friendly terms.

Mrs. Joyce is positive that after admitting Ivey into her husband's sick room, and the exchange of friendly greetings, Ivey asked defendant to loan him some money to pay his taxes or a gas bill, and that she, at the request of her husband, handed Ivey the Five ($5) Dollars.

■ In view of the fact that Ivey did not inform Joyce that he wished the Ten ($10) Dollars as a payment on the account, but desired it to satisfy an obligation of his own, together with the additional fact that Joyce, at the time, did not know that Ivey's wife had acquired the account, we are unable to see how the delivery of the Five ($5) Dollars could be considered as a payment on the account. The testimony of defendant and his wife would be sufficient to overcome that of Ivey on this issue, even though he had testified positively that

the amount was understood by all of them to be applied as a payment on the note, but he did not so testify.

 It is likely true that Ivey had preconceived the purpose of crediting the amount on the account, as was done, to stop the course of prescription, but he was without the power to thus convert what Joyce believed to be a loan into a payment. At that date the account was approaching prescription. Joyce had a real interest in not acknowledging it and in doing nothing that would interfere with the current of prescription then running.

 The account is prescribed on its face. Prescription being pleaded, it devolved upon plaintiffs to prove by a preponderance of testimony an interruption thereof by acknowledgment or payment. Proof of this character must be clear, specific and positive. Waterman v. Dupeire et al., 180 La. 320, 156 So. 405; La Del Oil Properties, Inc., v. Magnolia Petroleum Company, 169 La. 1137, 126 So. 684; Heard v. Heard, La.App., 149 So. 156; Wise v. Howard, La.App., 172 So. 184; Stovall v. Tolar, La.App., 172 So. 539.

 So far as the Seven ($7) Dollars is concerned, even if conceded to have been a payment, that bare fact would not effectuate a renewal of the account, which at that time had clearly prescribed, nor a renunciation of the accrued prescription. When once an obligation of this character becomes barred by prescription, to restore its status as enforcible in law, a payment thereon must have been accompanied by a definite, affirmative and unqualified promise on the part of the debtor to pay the obligation. If such a promise is made, the obligation automatically undergoes a transition from non-enforcibility to the opposite status. The rule here discussed is forcefully stated with supporting authorities in Burdin v. Burdin, 171 La. 7-20, 129 So. 651, 655, thus: " * * * It is not necessary for us to decide whether an acknowledgment of a debt so as to renounce an acquired prescription can be made to a third person out of the presence of the creditor, because a mere acknowledgment is not sufficient for the purpose, even if accompanied by payment on account of the debt. There must be a new promise made to pay the debt in order to nullify an accrued prescription. Succession of Slaughter, 108 La. 492, 32 So. 379, 58 L.R.A. 408; Weil v. Jacobs, 111 La. 357,

35 So. 599; Manders v. Irwin, 118 La. 1048, 43 So. 698."

The facts pertinent to the delivery of the Seven ($7) Dollars are not much unlike those attending the Five ($5) Dollar transaction. It is certain nothing was then said about the account.

 Some time after the Seven ($7) Dollar transaction, Ivey discussed the account with defendant and urged him to make monthly payments thereon. This was not acceded to. Defendant then admitted that the account was an honest obligation and asserted he wanted to pay it and would do so when financially able. Such a commitment as this is not a renunciation of prescription nor an acknowledgment, in legal contemplation, sufficient to revive and renew the obligation to pay. Levistones v. Marigny, 13 La.Ann. 353. The debtor does not thereby promise not to plead prescription if and when sued.

The judgment appealed from seems to us to be clearly supported by the law and evidence in the case, and, for this reason, it is affirmed, with costs.