## Succession of DE GRANGE.

## Opposition of PSAYLA.

### No. 17395.

Court of Appeal of Louisiana. Orleans.

Dec. 2, 1940.

Rehearing Denied Jan. 13, 1941.

Guy J. D'Antonio, Dart & Dart, and Louis C. Guidry, all of New Orleans, for appellant.

Frank Wm. Hart, of New Orleans, for opponent and appellee.

WESTERFIELD, Judge.

This is an appeal from a judgment of the Civil District Court maintaining an opposition to the account of the administratrix of the Succession of Benjamin J. DeGrange, filed on behalf of Dr. Joseph E. Psayla.

It appears that in June, 1922, Dr. Psayla, who is a dentist, did some work on the teeth of the wife and son of the de cujus, for which the sum of $219 is claimed to be still due, and that fourteen years later the deceased wrote across the face of a statement of account of Dr. Psayla, the following:

"I acknowledge the above bill.
"Benjamin J. DeGrange
"12/9/36."

The administratrix declined to recognize Dr. Psayla's claim, whereupon he proceeded by rule to compel her to do so. The prescription of one, two, three, four and ten years is pleaded by the administratrix and admitted to have accrued by Dr. Psayla, but it is contended that the acknowledgment was, in effect, a renunciation of prescription.

The Civil Code provides that prescription cannot be renounced until it has been acquired and that such renunciation may be either express or tacit, and that tacit renunciation results "from a fact which gives a presumption of the relinquishment of the right acquired by prescription". Articles 3460 and 3461.

There is a distinction to be made between the interruption of prescription before it has run and its renunciation afterwards. In the former case an acknowledgment will interrupt the current of prescription, but once the prescription has run a new promise to pay the obligation is necessary to effect a renunciation.

"It is legal to renounce prescription when once acquired, although one cannot reject a prescription not yet acquired. Civil Code, article 3460. The renunciation of it can be either express or tacit. A tacit renunciation results from a fact which gives a presumption of the relinquishment of the right acquired by prescription. Civil Code, article 3461. The acknowledgment of an unprescribed debt will interrupt the current of prescription thereon, but a mere acknowledgment on an obligation already prescribed is not sufficient to render it enforceable. Succession of Slaughter, 108 La. 492, 32 So. 379, 58 L.R.A. 408; Sullivan v. St. Anna's Chapel of State of Louisiana, 168 La. 383, 122 So. 118. A new and positive promise to pay is necessary to nullify prescription that has accrued. Frellsen & Stevenson v. Elbert Gantt, 25 La.Ann. 476; Burdin v. Burdin, 171 La. 7, 129 So. 651." Glass v. Holomon

et al. La.App. Second Circuit, 197 So. 438, 439.

The trial judge in his reasons for judgment declared that, in his opinion, the acknowledgment of the bill amounted to a tacit renunciation because it necessarily created "a presumption of the relinquishment of the right acquired by prescription". He further said that the decedent could have had no other purpose in acknowledging the bill than to promise its payment, otherwise its acknowledgment would have been "a vain and useless thing".

In our opinion the jurisprudence does not sustain the learned trial judge. In December, 1936, prescription had already accrued and unless the acknowledgment of decedent can be said to have amounted to a renunciation the debt is prescribed. We cannot undertake to say what purpose Mr. DeGrange had in acknowledging the account at that late date. Perhaps, he intended to pay it, but he did not promise to do so, nor can it be said that his acknowledgment created any presumption that he had relinquished his right acquired by prescription.

In Burdin v. Burdin, 171 La. 7, 129 So. 651, 655, it was said: "* * * a mere acknowledgment is not sufficient for the purpose, even if accompanied by payment on account of the debt. There must be a new promise made to pay the debt in order to nullify an accrued prescription. Succession of Slaughter, 108 La. 492, 32 So. 379, 58 L.R.A. 408; Weil v. Jacobs, 111 La. 357, 35 So. 599; Manders v. Irwin, 118 La. 1048, 43 So. 698. See, also, Civ.Code, art. 2278, par. 4 (as amended by Act No. 121 of 1886, p. 219)".

Counsel makes the point that there is a difference between an acknowledgment given in the form of a letter or memorandum or by signing an inventory in which the debt is referred to, as was done in some of the adjudged cases, and the instant case, where the acknowledgment is made on the billhead of a dentist which, it is said, could have no other purpose than to serve as a promise to pay the bill. The argument is fallacious. The fact that the acknowledgment appears upon a billhead instead of in the form of a letter may give more particulars as to the debt acknowledged, but it is not in any respect more suggestive of a promise to pay than acknowledgment by letter or any other means. All that DeGrange did was to "acknowledge the above bill" and there is nothing which may be considered to be of a promissory character in that acknowledgment any more than if it had been contained in a letter addressed to Dr. Psayla, when the acknowledgment would probably have read simply "I acknowledge your bill" or "I acknowledge that I owe you the amount you claim".

For the reasons assigned the judgment appealed from is annulled, avoided and reversed, and it is now ordered that there be judgment dismissing the opposition of Dr. Joseph E. Psayla to the final account of Elizabeth R. DeGrange, administratrix of the succession of Benjamin J. DeGrange.

Reversed.