Plaintiff is a physician. The object of this suit is to recover from defendant, Mrs. Lillian Edelston Jurisich, for professional services alleged to have been rendered to her deceased grandmother, Mrs. Lillian M. Shields Edelston, during March, April, May, June and July, 1933, just prior to her death.
The theory on which plaintiff bases his right to recover from defendant is that defendant's father, by his unconditional acceptance of the estate of his mother, defendant's grandmother, made himself liable for the debt now sued on, and that later, when her said father died, defendant, by her unconditional acceptance of his succession, in turn, made herself liable for all of his debts, including this one.
From a judgment dismissing the suit plaintiff has appealed.
The petition alleges that the professional services were rendered during the months set forth, the last visit having been made on July 6, 1933, and that the total charges, including $10 for laboratory work, amounted to $397; that the said Mrs. Lillian M. Shields Edelston died on July 6, 1933, leaving as her only heir, her son, defendant's father, Thomas Earl Edelston, and that he, in the succession proceedings of his mother, accepted her succession purely, simply and unconditionally, and was sent into possession of her estate.
Plaintiff also alleges that, recognizing his indebtedness, the said Thomas Earl Edelston *Page 142 
made payments on account on various dates from July 10, 1934, to and including May 6, 1940, and by these payments reduced the indebtedness to $265, and that about one month after making the last payment on account defendant's said father died on June 1, 1940, leaving as his sole heir, his daughter, the defendant, Mrs. Lillian Edelston Jurisich, who accepted the succession of her said father purely, simply and unconditionally and was sent into possession of his estate, and that by her unconditional acceptance of the estate of her father, defendant made herself liable for the debts of his estate, including the debt now sued on.
Defendant admits that plaintiff rendered professional services to her grandmother, but she denies the correctness of the charges made and also denies that her father made payments on account of such indebtedness.
When the matter was called for trial in the District Court, plaintiff was placed on the stand as the first witness and he was asked whether he had rendered medical services to defendant's grandmother. Immediately counsel for defendant objected to any oral evidence by plaintiff on the ground that because of Section 1 of Act 11 of 1926, parol evidence is incompetent and inadmissible "to prove a debt of a person who is dead now over nine (9) years * * *." This objection was sustained; no further evidence was offered, and there was judgment dismissing the suit.
It is the contention of plaintiff that the Act of 1926 has no application for the reason that because of the effect of certain articles of our Civil Code, the debt sued on cannot be said to be the debt of defendant's deceased grandmother but because of her unconditional acceptance of her father's succession, coupled with her father's unconditional acceptance of his mother's succession, the debt has become the personal debt of defendant and is, therefore, no longer a debt or indebtedness of a deceased person. In this connection, three articles of our Civil Code are cited. They are Arts. 1013, 1423 and 1426. The pertinent parts of these articles read as follows:
"1013. Simple acceptance — Effect — Unconditional acceptance. — The effect of the simple acceptance of the succession, whether express or tacit, is such, that when made by an heir of age, it binds him to the payment of all debts of the succession, not only out of the effects which have fallen to him from the succession, but even personally, and out of his own property, as if he had himself contracted the debts or as if he was the deceased himself; * * *."
"1423. Acceptance of succession — Effect — Exception. — The heirs by the fact alone of the simple acceptance of a succession left them, contract the obligation to discharge all the debts of such succession, to whatever sum they may amount, though they far exceed the value of the effects composing it."
"1426. When the deceased has left one sole heir, or has bequeathed all his property universally to the same person, this heir or universal legatee is bound for the payment of the whole of the debts of the succession, and may be sued directly and personally as such by those who are the creditors of the succession."
There can be no doubt that as a result of these articles, when defendant's father accepted, unconditionally, the succession of his mother to whom plaintiff's services are alleged to have been rendered, he, by that acceptance, made himself liable for any debt which may have been due for those services and that defendant, by her unconditional acceptance of her father's succession, made herself liable for any part of that debt which may remain due. But the question which arises because of the Act of 1926 is not whether there is liability for such debt as may exist but how may the existence of such debt be legally proven. If, as contended by plaintiff, the statute has no longer any application as soon as there has been an unconditional acceptance of a succession, then it would serve no very useful purpose. The purpose which it was intended that the statute should accomplish is as desirable where the claim is sought to be asserted against an heir as where it is sought to be enforced against the estate of the deceased debtor. The legislators realized that where the debtor is dead and is, therefore, no longer able to defend against an asserted debt, the creditor should be required to offer more than merely his own statement of the correctness of the claim. The heir ordinarily has no more information as to the correctness of the debt asserted against the deceased than has the administrator or the executor of the estate, and the heir will need the protection of such a statute just as much as will the representative of the estate. *Page 143 
But if plaintiff is correct, then as soon as the heir accepts unconditionally, he not only becomes liable for the debts of the deceased but he opens the door to oral proof which would have been inadmissible as against the estate itself. In Vordenbaumen et al. v. Gray et al., 189 So. 342, 343, the Court of Appeal for the Second Circuit obviously considered that the statute of 1926 has application even after there has been an acceptance by the heirs, for that court, referring to the statute said that it "* * * limiting the time in which obligations of a deceased may be proved by parol * * * when it is sought to hold heirs * * *."
In Lerner v. Bischoff, 157 So. 822, we held that the statute has application in a suit against the heirs where they have accepted the succession and the suit is based on the fact that their acceptance has made them liable for the debts of the decedent.
We conclude that while the mere fact of acceptance makes the accepting heir liable for the debts, it still remains necessary that the creditor prove the correctness of his claim and that this must be done by the offering of proof which is legally admissible. Thus we must determine just what proof is required by the Act of 1926. It is to be noted that that statute contains two sections. Under Section 1, it is provided that if the suit be brought more than twelve months after the death of the deceased no oral evidence shall be admissible. Under Section 2 it is provided that if the suit be brought within twelve months of the death, then the oral evidence of the plaintiff is not entirely inadmissible but it may be offered provided it be supported by the testimony of at least one credible witness of good, moral character, or provided it be offered to corroborate the written acknowledgment or promise to pay, signed by the debtor.
While this suit was filed within twelve months after the death of Thomas Earl Edelston, it was filed nearly nine years after the death of the original debtor, Mrs. Lillian M. Shields Edelston. If, therefore, the suit should be considered as one for the collection of debt of Thomas Earl Edelston, then the testimony of plaintiff was not absolutely inadmissible but should have been excluded only in the event of plaintiff's inability to corroborate his own testimony in accordance with Section 2 of the statute. On the other hand, if this suit be treated as one to collect the debt of the original debtor, then the testimony of plaintiff was properly excluded entirely for Section 1 of the Statute so provides.
It is argued on behalf of plaintiff that even if the mere acceptance by defendant did not make the indebtedness defendant's to such an extent as to obviate the necessity that it be proven in accordance with the requirements of the Act of 1926, still the fact that her father, Thomas Earl Edelston, having accepted the succession of his mother, made payments on account of the debt, thus made the debt his own to such an extent that it might have been proven against him without any requirement that the proof be limited in accordance with the statute.
If this be true, and if the fact that after accepting the succession of his mother, Thomas Earl Edelston made payments on account of her indebtedness to plaintiff, made the debt his own to such an extent that it could not be considered as merely the original debt with a new debtor added, then, of course, it would be correct to say that the debt sued on is the debt of defendant's father, and to hold that since the suit was brought within twelve months of his death, the oral evidence of plaintiff is not absolutely inadmissible but, because of Section 2 of the Act, may be admitted provided it be corroborated in accordance with that section.
The record clearly shows that the judge a quo held plaintiff's testimony to be entirely inadmissible. As we have stated, this ruling was correct provided the payments on account made by Thomas Earl Edelston cannot be considered as such an acknowledgment of the debt as to constitute, in effect, a new obligation to pay, because if those payments on account can be said to be tantamount to a new promise to pay, then the debt sued on can be considered as the debt of defendant's father. But can those payments on account be considered as evidencing a new promise to pay? We think not. It requires something more than a payment on account of an old obligation to create a new and different one on the part of the person who has made the payment on account. So long as it is only the original debt which is acknowledged, a payment on account creates no new and different obligation. This idea is recognized in the many cases in which it has been held that a payment on account of a prescribed indebtedness does not nullify an accrued *Page 144 
prescription unless the payment is made in connection with a new promise to pay; unless the promise creates a new indebtedness based on the natural obligation resulting from the old. Succession of De Grange, Opposition of Psayla, La.App., 198 So. 784, Burdin v. Burdin, 171 La. 7, 129 So. 651, 655; Succession of Slaughter, 108 La. 492, 32 So. 379, 58 L.R.A. 408; Weil v. Jacobs' Estate, 111 La. 357, 35 So. 599; Manders v. Irwin,118 La. 1048, 43 So. 698. See, also, Civil Code, Art. 2278, par. 4 (as amended by Act No. 121 of 1886, p. 219).
Where, as here, an accepting heir pays on account of an indebtedness due by a deceased, he merely acknowledges that he owes that indebtedness but he does not create a new obligation and he does not, by making the payment, do away with the necessity that the claim be proven in accordance with the Act of 1926. It is our conclusion that the debt sued on is the debt of the decedent, Mrs. Lillian M. Shields Edelston, and that the suit having been brought more than twelve months after her death, oral evidence in support thereof is entirely inadmissible. It necessarily follows that the judgment below was correct.
Accordingly, the judgment appealed from is affirmed at the cost of appellant.
Affirmed.
WESTERFIELD, J., takes no part. *Page 389