AYRES, Judge.
Plaintiff sought judgment on an open account for merchandise sold and delivered to the defendant. Defendant denied the account and, after trial on the merits, filed a plea of prescription of .three years under LSA-C.C. Art. 3538. This plea was sustained by the trial court. From the judgment rendered, plaintiff appealed.
The evidence discloses that for a considerable period of time,1 possibly as long as 10 years, defendant made purchases of and had an account with plaintiff. In 1947 defendant, evidently, realizing his indebtedness was becoming excessive, informed plaintiff'that because of tbisfact he would have to quit doing business with him. It was agreed, however, that the past due account be put aside or kept to itself and that defendant would continue trading with plaintiff, the new purchases to be kept on a separate account, and defendant would pay his current bills as they became due and $50 per month on his old account. Defendant paid $50 at the time of the agreement, reducing the account, according to plaintiff, .to $456.25. Under the arrangement, defendant continued purchasing merchandise from plaintiff until December 30, 1950, and paid up that account. No further payment was made on the old account un-ti| August 6, 1951, when $10 was paid by defendant through his wife.
These facts are the basis for defendant’s plea of prescription. Open accounts are prescribed by the lapse of three years. LSA-C.C. Art. 3538.
The account is prescribed on ■ its face unless the payment of August 6, 1951, effected a renewal "of the' account or was sufficient as a renunciation of the accrued prescription.
Plaintiff’s position is untenable. A payment upon an open account does not either effectuate a renewal of the account which' has already prescribed or a renunciation of the accrued prescription, and when an obligation to pay an open account becomes barred by prescription, to restore its status as an enforcible obligation, a payment thereon must be accompanied by a. definite, affirmative and unqualified promise on the part of the debtor to pay the obligation. It was so held by this court in Ivey v. Joyce, La.App., 195 So. 33. The payment made by the wife ,at defendant’s request could not be held in any sense of the word to constitute an unqualified promise on the. part .of the defendant. to pay the obligation. The plea of prescription was properly sustained.
The: judgment appealed is, therefore, affirmed at appellant’s costs'.1