LOTTINGER, Judge.
This is a suit on an open account which was filed on June 24, 1955. The defendant first filed what was, in effect, a plea of prescription, which was referred to the merits and then an answer in the form of a general denial. Following trial on the merits, judgment was rendered in favor of the plaintiff as prayed for and the matter is now before us on an appeal taken by the defendant.
The plea of prescription rests on the provisions of LSA-C.C. Art. 3538. The itemized statement of account attached to the petition shows a balance brought forward and is dated as of October 4, 1951. A sworn to statement of account introduced into evidence shows the date of the last credit as of June 6, 1951, and the date of the last purchase as of June 19, 1951. As suit was not filed until June 24, 1955, more than three years later, prescription had, of course, run unless meanwhile interrupted. The Supreme Court, in the case of Bennett-Brewer Hardward Co. v. Wakeman, 160 La. 407, 107 So. 286 (followed by the Orleans Court of Appeal in Becker v. Hollywood Theatre, 155 So. 522) has made it clear that a verbal acknowledgment is sufficient to interrupt the running of three year prescription against an open account. The first question, therefore, is whether or not an acknowledgment was made by defendant.
In spite of having filed an answer denying all the allegations of the petition, the defendant took the stand and testified that he visited the plaintiff’s branch office on Decatur Street in New Orleans in the year 1953, spoke with plaintiff’s employee there, a Mr. Sam Baconi, and paid the then balance due on his bill in cash, which amounted to between $75 and $80. While this is a self-serving declaration insofar as pleading payment may be concerned it is also a declaration against interest insofar as the question of acknowledging the debt is concerned, and we can only conclude that the defendant did, in the year 1953, as he states, appear at plaintiff’s office and make a verbal acknowledgment of the account due. This, of course, was within the three year period and interrupted the running of prescription.
The next question concerns that of payment. While, as stated above, the defendant enlarged upon his pleadings and testified that he had paid the account, he admitted that he had no receipt or written proof whatever. As opposed to this, the record contains the testimony of the attorney who originally filed the suit and who was no longer connected with it in any way to the effect that shortly after the suit was filed the defendant spoke with him over the telephone and asked for an extension of time within which to pay the amount sued for, which was granted. In addition, this witness even produced the notes that he had made in his file to that effect at the time (Letter dated June 23, 1955) with notation made 6/27/55.
Both the questions of acknowledgment and payment are factual ones. They were resolved by the trial judge against the defendant and we are unable to find where he committed manifest error in so doing.
For the reasons assigned the judgment appealed from is affirmed.
Judgment affirmed.