YARRUT, Judge.
This is a suit on open account filed on July 6, 1961, for $373.14. Defendant’s plea of 3-year prescription (LSA-C.C. art. 3538) was overruled and judgment rendered for Plaintiff. Defendant has appealed.
Plaintiff sold laundry equipment and supplies. Defendant, operating a cleaning establishment, was a long time customer on open account, until October 3, 1958, when Defendant was put on a strictly cash basis.
The last sale to Defendant on open account ($1.22) was on March 10, 1958. On October 3, 1958, Defendant purchased a lint-removing machine for $61.80 (invoice No. 1731). On March 14, 1961, Defendant made a cash payment of $20.00. Defendant claims Plaintiff was advised the $20.00 payment was on invoice No. 1731, which Plaintiff denies. The receipt given to Defendant recites: “Cash on a/c $20.00.”
Defendant then paid $41.80 cash on April 1, 1961, when Plaintiff was again instructed to apply it to invoice No; 1731. Plaintiff gave Defendant a receipt reciting: “On invoice No. 1731 on a/c $41.80.” Significant is the fact that these two payments equal the amount of invoice No. 1731.
Plaintiff contends the $20.00 payment on March 14, 1961 was made without Defendant having specified which debt was to be credited, the “open account” of $373.14, or on the $61.80 due on the “cash” purchased machine. Plaintiff applied the $20.00 payment to the open account.
The open account was balanced as of December 16, 1957. The first item thereafter is 12/10/57 and the last 3/10/58, *607 when the “open account” basis was terminated and Defendant put on a “cash” basis.
That a statement of the account was rendered to Defendant is not denied, the only disagreement was as to its correctness. It was then Defendant was put on the “cash” basis, after which he made the only purchase of $61.80 on 10/3/S8.
The last purchase on the “open account,” which became on account “stated” as of that date, was March 10, 1958, so the 3-year prescription accrued not later than March 10, 1961, unless prescription was waived or interrupted by subsequent payments or specific promise to pay.
The only payments made by Defendant were made after March 10, 1961, and on the purchase of October 3, 1958, of the lint-removing machine, which was made on a new and “cash” basis and not on “open account.”
A verbal acknowledgment is sufficient to interrupt the running of the 3-year prescription against an open account, if such acknowledgment is unequivocable, clear and convincing. LSA-C.C. art. 3520; Reuter Seed Company v. Croft, La.App., 119 So.2d 173.
A partial payment on an open account will also act as an acknowledgment and, hence, interrupt prescription. State ex rel. Sunseri v. Thoman, La.App., 135 So.2d 791.
The creditor bears the burden of proof that prescription has been interrupted by a payment on account by debtor. Ivey v. Joyce, La.App., 195 So. 33.
Here, there was no clear and convincing acknowledgment of indebtedness by Defendant on the open account. To the contrary, Defendant, as admitted by Plaintiff, persistently claimed the open account was not correct and refused payment thereon.
In Hardin v. Cook, La.App., 75 So.2d 516, it was held:
“ * * * a payment upon an open account does not either effectuate a renewal of the account which has already prescribed or a renunciation of the accrued prescription, and when an obligation to pay an open account becomes barred by prescription, to restore its status as an enforcible obligation, a payment thereon must be accompanied by a definite, affirmative and unqualified promise on the part of the debtor to pay the obligation. It was so held by this court in Ivey v. Joyce, La.App., 195 So. 33. * * * ”
Where a debtor, owing a creditor several debts, makes a payment without directing its application, the law will impute and apply the payment to a debt due in preference to one not due, or is prescribed. LSA-C.C. art. 2166; In re William P. Copping Sheet Plate & Iron Works, 5 Cir., 13 F.2d 895; George E. Breece Lumber Co. v. Morris, 19 La.App. 875, 141 So. 787; Harrison v. Dayries, 23 La.Ann. 216.
The unprescribed debt of $61.80 on the machine was the debt “which the debtor had at the time most interest in discharging,” and not the prescribed debt on the “open account” which had prescribed before Defendant made the $20.00 payment.
We must conclude that Defendant’s payments on March 14, 1961, and April 1, 1961, of $20.00 and $41.80, respectively, were payments on account and in full payment of the lint-removing machine, and that Defendant’s persistent denial of the correctness of the “open account” and refusal to make payment, is corroboration that he did not make these payments thereon.
For the above and foregoing reasons, Defendant’s 3-year plea of prescription is sustained, the judgment of the City Court is reversed, and Plaintiff’s suit is dismissed, at Plaintiff’s cost in both Courts.
Judgment reversed and rendered.