## WASHINGTON STATE BANK v. STEWART et al.

### No. 1164.

Court of Appeal of Louisiana. First Circuit.
June 30, 1933.

A. M. Guilbeau, of Opelousas, for appellant.

L. A. Fontenot, of Opelousas, for appellee.

MOUTON, Judge.

A promissory note for $300 was executed in solido by Mrs. A. Stewart, Mrs. Jimmie Stewart Brock, J. B. Brock, and which was indorsed by Will T. Stewart.

Payments were made on the note reducing it to $175, for which suit was brought by plaintiff, Washington State Bank, against the parties on the note, makers and indorser.

Mrs. A. Stewart, Mrs. Jimmie Stewart Brock, and J. B. Brock having made no defense, judgment by default was confirmed against them July 15, 1932, and which was recorded on the same date.

The only defendant is Will T. Stewart, indorser on the note, who first filed a general denial, and, on the day of the trial, filed a plea of payment.

In this plea, Will T. Stewart alleges that his codefendants, Mrs. A. Stewart and Mrs.

Jimmie Stewart Brock, transferred real estate to the Planters' Trust & Savings Bank of Opelousas for the sum of $3,500, that prior to the execution of the sales by which this real estate was transferred, plaintiff, the Washington State Bank, contracted to pay the virile share due by Mrs. A. Stewart and Mrs. Jimmie Stewart Brock, on the note herein sued upon, and that this transfer was made with the understanding that plaintiff bank would not enforce its judgment against Mrs. A. Stewart and Mrs. Jimmie Stewart Brock, wife of J. B. Brock.

The contention of defendant under this plea of payment is that he should be relieved from the payment of two-thirds of the amount claimed, as plaintiff bank had agreed to settle for the virile share due thereon by his codefendants, Mrs. A. Stewart and Mrs. Jimmie Stewart Brock.

The district judge thought otherwise, and rendered judgment against defendant for the $175 demanded, from which he prosecutes this appeal.

The sole question presented turns upon the plea of payment, which, it is elementary, had to be sustained by defendant.

It may be stated at the outset that it is indisputably established by Mr. Bailey, cashier of the plaintiff bank, and by Mr. Will T. Stewart, defendant, that no payment was ever made on the balance of $175 on the note sued for herein. Defendant Will T. Stewart is liable for the whole amount claimed, unless it appears that the plaintiff bank agreed to pay the virile share due thereon by Mrs. A. Stewart and Mrs. Jimmie Stewart Brock.

It appears that the Planters' Trust & Savings Bank had a mortgage on the real estate which was retroceded by Mrs. A. Stewart and Mrs. Jimmie Stewart Brock to that bank, as they were unable to pay the mortgage, which counsel for defendant says had the effect of extinguishing this mortgage by confusion, and thus leaving the property subject to the judicial mortgage of plaintiff bank, which had resulted from the recordation of its judgment against Mrs. A. Stewart and Mrs. Jimmie Stewart Brock.

Referring to these circumstances, counsel for defendant makes the following statement in his brief: "The President of the Planters Bank and Trust Company accordingly called on the officials of the Washington State Bank and we earnestly believe told them that he would see that their judgment would be taken care of in so far as Mrs. Stewart and Mrs. Brock were concerned. The testimony on this point is vague, but the officials of both banks all testify that a conference was had about the matter."

Mr. Bailey, cashier of the plaintiff bank, and Mr. Lacarde, representing the Planters' Bank & Trust Company, admit they had a conference in reference to the releasing of Mrs. A. Stewart and Mrs. Jimmie Stewart Brock for the share due by them on the judgment for $175, amount claimed herein.

Mr. Bailey says that Mr. Lacarde proposed to make a settlement that would be agreed to by all parties in interest, and then, he says: "So far as we know that was as far as the matter got." Mr. Bailey further testifies that there was no offer of any money or consideration for this release, and that as an act of courtesy the matter was taken under advisement; that they waited to hear from Mr. Lacarde; and that, as previously stated by him, "was as far as the matter got with us."

Mr. Lacarde testifies that in the conference it was agreed that the judgment as against Mrs. A. Stewart and Mrs. Jimmie Stewart Brock would be canceled, "provided the cancellation papers were prepared and submitted to their attorney and it was agreeable to all concerned."

These cancellation papers, Mr. Lacarde says, were never drawn up nor signed by the Washington State Bank. Mr. Lacarde was asked if he had not promised the attorney of the plaintiff bank to pay him a fee for the preparation of these cancellation papers. He said he had, but that the attorney for the Washington State Bank did not "request any fee." This is ironclad proof that no such papers were ever prepared.

The agreement to make this cancellation was tentative, was never carried out, and we cannot infer from the mere fact that a conference was held between the officials of the two banks that Mrs. A. Stewart and Mrs. Jimmie Stewart Brock were released from their virile share in the amount demanded, and that its payment was assumed by the plaintiff bank.

There is no evidence to justify such an assumption, and we therefore find that the court correctly found defendant liable for the amount demanded.