FOURNET, Justice.
 

 Louis Jeanfreau filed suit against his brother Edward Jeanfreau for the ownership and possession of a motorboat, the Alice D, alleging that he purchased the boat at Biloxi, Miss., and “had the title to same placed in the name of Edward Jeanfreau for convenience sake only,” and that the defendant “agreed to return the said motorboat * * * whenever he so demanded.” In another paragraph of the petition, he alleged that since the purchase of the motorboat, all the expenses for the upkeep thereof were borne by him at the approximate cost of $2,500.
 

 The defendant filed a plea of vagueness and, in pursuance to the order of the district judge, the plaintiff filed an amended petition, asserting that he purchased the boat from the Foster Packing Company of Biloxi, Miss.
 

 Defendant then filed his answer denying the allegations of plaintiff’s petition, and, further answering, averred that he had been the owner of the boat since January 1, 1927, and that plaintiff had always recognized and acknowledged his ownership; that the boat had been seized by the United States government, and though plaintiff was present at the trials in the United States District Court, he made no claim for the boat, and specially pleaded that to be an estoppel by conduct. Defendant later filed pleas of prescription of three and of five years, respectively, which were referred to the merits by the district judge, and after 'trial of the case, the pleas of prescription were dismissed and judgment was rendered in favor of' the plaintiff as prayed for. The defendant has appealed.
 

 There is no evidence in the record, except the deposition of C. A. Delacruz, of Biloxi, Miss., who stated, in answer to the interrogatories propounded to him, that he was connected with the C. B. Foster Packing Company and that the motorboat Alice D was sold by the C. B. Foster Packing Company to Louis Jeanfreau; that the purchase price thereof was paid by Louis Jeanfreau in the presence of
 
 Fred Jeanfreau,
 
 who took the boat from Biloxi to Violet, La.; that the boat was equipped with a 40-horse power engine, but that the same had been replaced with a 100-horse power engine at the request of Louis Jeanfreau, and at his expense.
 

 It is admitted by both counsel for the plaintiff and the defendant that there was no note of evidence taken of any testimony on the trial of the case. The matter is before us solely on the plea of prescription of three years.
 

 Article 496 of the Civil Code provides:
 

 “ * * * But the owner exposes himself to the loss of his right of ownership in a thing if he permits it to remain in the pos
 
 *335
 
 session of a third person for a time sufficient to enable the latter to acquire it by prescription.”
 

 Article 3506 of the Civil Code provides:
 

 “If a person has possessed in good faith and by a just title,
 
 as owner,
 
 a movable thing, during three successive years without interruption, he shall acquire the ownership of it by prescription unless the thing was stolen or lost.” (Italics ours.)
 

 See, also, article 3476, Civ. Code.
 

 Thus, in order to acquire the. ownership of a movable by prescription, it is not only necessary that the person possess the movable in
 
 good faith,
 
 but he must have a just title,
 
 as
 
 owner, during three consecutive years without interruption.
 

 In the case of Rhodes v. Cooper et al., 113 La. 600, 37 So. 527, on rehearing, this court held, as is expressed in syllabus No. 5:
 

 “A plea of prescription liberandi causa, filed as an exception in limine, which contains no affirmative allegations to break the force of plaintiff’s allegations, but relies upon certain admissions in his petition, should not be sustained if his pleadings, taken as a whole, properly present for decision on the merits matters of fact which affect the question of prescription. The exception should be referred to the merits, to be disposed of on the trial of the case.”
 

 See, also, Spivey v. Wilson, 31 La. Ann. 653; Dew et al. v. Hammett et al., 150 La. 1094, 91 So. 523.
 

 The possession of the boat in defendant as owner is clearly negatived by the plaintiff’s petition wherein he alleges that the boat
 
 "was placed in the name of Edward Jeanfreau for convenience sake only.”
 
 The only evidence in the record, the depositions of Delacruz, corroborates plaintiff’s allegations that he purchased the boat. Defendant’s counsel, however, indicated by his exception of vagueness and in his brief that since the plaintiff had placed the title to the boat in defendant’s name, he should have a counterletter to establish that fact. Evidently counsel has confused the law of evidence touching upon the transfer of immovables; i. e., the inadmissibility of parol evidence to establish title to immovables. This is not true as to movables, the ownership of which can be established by the corroborating testimony of one witness. Civ. Code, art. 2277.
 

 Civ. Code, art. 3490, provides that:
 

 “The circumstance of having been in possession by the permission or through the indulgence of another person, gives neither legal possession nor the right of prescribing.”
 

 Under the allegations of the petition, which must be accepted as true on a plea of prescription filed in limine containing no affirmative allegation to break the force of plaintiff’s petition, but relying strictly on the- admissions therein, the defendant had possession of the boat Alice D through the indulgence of plaintiff and
 
 “for convenience sake only,”
 
 which fact gives him
 
 *337
 
 neither the legal possession nor the right of prescribing. Defendant’s possession was not adverse to plaintiff’s, but was with his authorization and for his benefit.
 

 For the reasons assigned, the judgment of the lower court is affirmed.