RECONSTRUCTION FINANCE CORPORATION v. THOMSON GIN CO., Inc., et al.

No. 1608.

Court of Appeal of Louisiana. First Circuit.

June 9, 1936.

an acre of land leased by Peter Croak to Adraste Landreneau in January, 1929, together with all the right, title, and interest of said Thomson Gin Company, Inc., in and to said lease. The lessor of the acre of land, Peter Croak, filed a third opposition in said proceeding claiming rent for the years 1930 to 1935, inclusive, at $50 per year; increase in insurance premiums on account of the location of the cotton gin near his pumping plant in the sum of $212.10 which he alleges was an obligation of the lessee under the lease, and $225 damage suffered in cutting and hauling fuel wood to operate said gin which was not used.

Third opponent asked for a separate appraisement and sale of the cotton gin and machinery and that the sheriff be ordered to retain in his hands all funds derived from the sale of said gin, machinery, and fixtures, recognizing third opponent's prior lien and privilege on said property or the proceeds of the sale thereof.

The foreclosing creditor answered in effect making a general denial, and, in the alternative, pleading the three-year prescription against the claim of third opponent. Judgment was rendered in favor of third opponent recognizing his lessor's lien and privilege on the funds derived from the sale of said gin, machinery, and tools, in the sum of $512.10, which represented the rent claimed for the six years from 1930 to 1935, inclusive, at $50 per year, and for the increase in insurance premiums. The claim of $225 for damages was denied. The Reconstruction Finance · Corporation has appealed. As third opponent has not answered the appeal and asked for an increase in the judgment to include the item of $225, that item has passed out of the case.

The record shows that in January, 1929, Peter Croak, third opponent, leased one acre of land in Allen parish to Adraste Landreneau, on which the cotton gin and all fixtures and appurtenances were located for the period of five years, that is, for the years 1929, 1930, 1931, 1932, and 1933. The rent was fixed at $50 per year, payable on December 1st of each year. The lessee also agreed to pay the lessor for any additional insurance premiums on a pumping plant owned by lessor adjacent to the gin, which increase might be caused by reason of the location of the gin in proximity to said pumping plant.

McCoy, King & Jones, of Lake Charles, for appellant.

Percy C. Smith, of Oakdale, for appellee.

OTT, Judge.

The plaintiff, Reconstruction Finance Corporation, in the foreclosure of a mortgage held by it against the defendant, Thomson Gin Company, Inc., seized and advertised for sale, with other property, a cotton gin and all machinery, tools, and appliances connected therewith, located on

It was provided that the contract was to be binding upon the heirs and assigns of the parties. The contract was duly recorded in the records of Allen parish.

On July 19, 1930, Landreneau transferred the gin and all machinery and appurtenances connected therewith, including all of his rights under the aforesaid lease, to the Landreneau-Lacour Gin Company, Inc. Landreneau agreed to pay one half the $50 rent for 1930, and the purchaser agreed to pay the other half of the rent for that year. On April 27, 1931, the Landreneau-Lacour Gin Company, Inc., transferred the gin and all machinery connected therewith, together with all of its rights in said lease, to Thomson Gin Company, a partnership composed of J. S. and Mark F. Thomson. On August 18, 1931, the latter transferred said gin and all rights under the lease to the present defendant, Thomson Gin Company, Inc.

The rent for 1929 was paid. The rent for the years 1930 to 1935 has not been paid. The gin remained on the property after the expiration of the lease on December 31, 1933, and reconduction took place for the years 1934 and 1935. It is therefore clear that third opponent is due the rent for these six years at $50 per year. The evidence also shows that third opponent paid additional insurance premiums for the years 1929, 1930, and 1931 in the total sum claimed of $212.10, and, according to the terms of the lease, he is entitled to a refund of this amount. Up to this point we have no difficulty in reaching the same conclusion as did the learned trial judge.

Under article 3538 of the Civil Code, the claim of third opponent for rent and the increased insurance premiums paid by him prescribed in three years. Therefore, unless this prescription has been interrupted, part of the claim for rent and all of the claim for increased insurance premiums had prescribed when this opposition was filed July 29, 1935.

Third opponent claims that prescription was interrupted on his claims by reason of a letter written by J. S. Thomson, the president and executive officer of the Thomson Gin Company, Inc. on January 24, 1933. The letter is addressed to the third opponent's attorney and is evidently in reply to a letter written by the attorney concerning the rent due. The letter begins as follows: "Reference is made to your letter of the 21st concerning the rent due Mr. Croak, this is not a personal account from me but is due from the Thomson Gin Co. Inc., of which I am a stockholder."

The letter concludes by stating that there is due him (Mr. J. S. Thomson) from two men in Oberlin $300 on account of interest on a mortgage, and that he was mailing the attorney's letter to one of these men, asking him to see Mr. Croak and make a satisfactory settlement with him. At the time of writing this letter J. S. Thomson was president of defendant company. In this letter he clearly acknowledges the rent claim of third opponent against the Thomson Gin Company, Inc. He was fully authorized by reason of his position with the defendant corporation to acknowledge a debt due by the corporation.

Article 3520 of the Civil Code provides that prescription ceases to run whenever the debtor makes acknowledgment of the debt. The acknowledgment must be of a specific debt or obligation, and, in order to interrupt prescription, must be an acknowledgment of the debt claimed. Bennett-Brewer Hardware Co. v. Wakeman, 160 La. 407, 107 So. 286. There is nothing in the record to show that the attorney claimed from the Thomson Gin Company, Inc., the $212.10 for amount paid by third opponent on account of increased insurance premiums on the pumping plant. On the contrary, the letter which Thomson wrote in reply refers to the claim of third opponent as rent. We do not think the acknowledgment can be extended to include the claim of $212.10 for increased premiums paid in 1929, 1930; and 1931. Therefore the plea of three years' prescription as to this item was good, and should have been sustained.

The acknowledgment necessary to interrupt the running of prescription is the acknowledgment of the debtor of his own debt. The Thomson Gin Company, Inc., only acknowledged whatever debt it might have been due third opponent for rent on January 24, 1933. The Thomson Gin Company, Inc., took over the gin and lease in August, 1931. The rent for 1930 was due on December 1, 1930, by Landreneau and his transferee, the Landreneau-Lacour Gin Company, Inc., one-half each. The Thomson Gin Company, Inc., so far as the record discloses, never assumed payment of the rent for 1930 which was past due when it acquired the

lease. Non constat, but this company had no knowledge of the fact that the 1930 rent had not been paid when the letter was written in January, 1933, acknowledging opponent's rent claim, and it cannot be held to have acknowledged a debt which it did not owe and had no reason to believe had not been paid.

The rent for which the Thomson Gin Company, Inc., is responsible as possessor and owner of the lease is that which was due December 1, 1931, and the annual rent thereafter maturing December 1st up to December 1, 1935, a period of five years, or a total rent of $250. The rent due for 1930 by Landreneau and his transferee has not been acknowledged by these debtors and is therefore prescribed. The claim of third opponent will therefore be restricted to the sum of $250.

For the reasons assigned, it is ordered that the judgment appealed from be, and the same is hereby, amended, and it is now ordered, adjudged, and decreed that the claim of third opponent, Peter Croak, be, and the same is hereby, reduced to the sum of $250, with legal interest thereon from judicial demand, and all cost of the opposition in the lower court; that the lessor's lien and privilege of said opponent on the funds in the hands of the sheriff of Allen parish derived from the sale of said gin, machinery, and fixtures, be recognized and enforced over all other creditors in the amount above mentioned, and the sheriff of said parish is authorized and directed to pay said opponent in accordance with this decree. It is further ordered that third opponent pay the cost of appeal.