C. A. Barnett and Allen Barksdale, both of Ruston, for appellees.

DREW, Judge.

This is a suit for the cancellation of an oil and gas lease.

The lower court rendered judgment in favor of defendants, rejecting plaintiff's demands. An appeal was taken to this

## STOVALL v. TOLAR.

### No. 5416.

Court of Appeal of Louisiana. Second Circuit.

March 1, 1937.

Wayne Stovall and H. W. Ayres, both of Jonesboro, for appellant.

W. T. Holloway, of Jonesboro, for appellee.

TALIAFERRO, Judge.

Plaintiff seeks by injunction to prevent sale, through foreclosure proceedings, of his interest in 630 acres of land in Jackson parish, La., which he mortgaged to defendant on January 31, 1929, to secure the payment of his note for $316, due October 15, 1929. He attacks the foreclosure proceedings, which were filed January 14, 1936, on several grounds, and pleads the prescription of five years in bar of the right to recover on the note. As we are of the opinion that this plea is good, we omit details of the several points of attack leveled against the proceedings. The note is prescribed on its face. It matured October 15, 1929, and unless the current of prescription was interrupted by acknowledgment or payment, on or before October 15, 1934, the right to enforce its payment expired on that date. On the reverse side of the note the following entry appears: Jan. 15, 1931, paid $5.

Defendant relies upon this entry and his own supporting testimonial proof to escape the plea interposed by plaintiff. The lower court overruled this plea and the attacks made upon the foreclosure proceedings, dissolved the preliminary injunction theretofore issued by it, and ordered sale of the property proceeded with. Plaintiff seeks relief by appeal.

Plaintiff denies positively and emphatically that he has acknowledged liability on the note since its execution, and in like manner denies that he paid the $5 credited thereon or authorized the entry of such credit by defendant. The note being prescribed on its face, the burden of proving acknowledgment by the maker, or interruption of the course of prescription thereon otherwise, devolved upon defendant. This principle is well settled by repeated decisions of which the following are some: Union Nat. Bank v. Evans, 43 La.Ann. 372, 9 So. 44; Waterman v. Dupeire et al., 180 La. 320, 156 So. 405; Heard v. Heard (La.App.) 149 So. 159; Agurs v. Putter, 19 La.App. 550, 140 So. 833.

The case of W. J. & C. Sherrouse, Ltd., v. Phenix, 14 La.App. 629, 128 So. 536, is somewhat similar in its facts to the case at bar. It was therein held:

"1. Prescription: Where from face of note and record it appeared five-year prescription had run, burden was on holder to show prescription had been interrupted (Civ.Code, art. 3540). * * *

"2. Prescription: Proof that indorsements on note indicating payments were in handwriting of holder's bookkeeper held not to establish payments interrupting prescription (Civ.Code, art. 3540)."

Decisions supporting these holdings, back to the early days of our jurisprudence, are cited in this case.

Defendant testified that plaintiff hauled some wood for him in November, 1930, for which he was due the sum of $5, and that the amount remained unpaid until on or about January 15, 1931; that on this date, or about, plaintiff authorized application of the amount as a credit on the note. The conversation, he says, took place in front of plaintiff's home as he (defendant) delivered mail to him. Defendant has no independent recollection of the exact date this conversation occurred. His testimony on the question is quite equivocal. He felt certain the credit was made on the note the same day it was authorized by plaintiff, as he made it a rule to record such matters as soon as he returned to his home. The following excerpts from his testimony reveal his uncertainty as to the date the conversation took place:

"I presume it was the date that is shown there."

"I guess I went right on home and did it—I usually went right on home and did those things."

"I don't think I shoved the date up."

"I wouldn't be positive it was that day. I make a memorandum and put the credit on the note the date it was made."

He was asked: "You don't recall the date that you actually wrote the credit on the back of the note?" To which he answered: "No, sir, I imagine it was right around the date that we had the conversation. It was credited just like a man paid

the money. I had to keep it exact and straight."

Again he was asked:

"Q. Do you know it took place on the 18th of January? A. The 15th, I think. * * *

"Q. You don't know how long it was after the conversation took place before you put the credit on the note? A. To be frank, I don't."

He was also asked: "Is it possible that you and Mr. Stovall could have had this conversation before this credit was given —a day or two before it was given?" To which he answered: "It might have been a day or so."

The acknowledgment of an obligation, sufficient to interrupt the running of prescription, must be clear and unequivocal. This rule is alike applicable to proof of payment on the obligation, relied upon as a means to accomplish such interruption. We are unable to determine from defendant's testimony whether the payment, conceding the correctness of his contention, was made on January 15th, or two, three, or more days, prior thereto. The influence of his equivocal testimony upon the issue is the more apparent when we consider that the foreclosure suit was filed only the day prior to the expiration of the fifth year following the alleged date of the payment. In view of this situation, and of the positive testimony of plaintiff directly contradicting the contention of payment and that he had acknowledged the obligation within five years of the filing of suit, we are constrained to hold that defendant has not successfully discharged the burden of proof resting upon him.

In Wise v. Howard, 172 So. 184, 185, recently decided by us and not yet published [in State report], anent this principle, we said:

"When the scales are evenly balanced by testimony of persons of equal credibility, the one carrying the burden of establishing a legal interruption of the current of prescription must be cast."

For the reasons herein given, the judgment appealed from is reversed, annulled, and set aside, and there is now judgment in favor of plaintiff, Fred J. Stovall, and against defendant, William H. Tolar, sustaining the plea of prescription of five years filed herein and dismissing his suit. It is ordered that a writ of peremptory injunction issue herein as by plaintiff prayed for. Costs are assessed against defendant.