CONTINENTAL BANK & TRUST CO. v. SIMMONS et al.

No. 1764.

Court of Appeal of Louisiana. First Circuit.

Dec. 9, 1937.

C. A. Blanchard, of Donaldsonville, for appellant.

Rene H. Himel, of Franklin, for appellee.

OTT, Judge.

The plaintiff bank in liquidation sues the three defendants, Murphy Simmons, C. L. Angelloz, and Mrs. M. Simmons, for the balance on a note signed by them, together with another party, who is not made a party to the suit, which note is dated October 26, 1929, for the sum of $300 payable in 20 installments of $15 each, due on the 26th of each month thereafter, with 3½ per cent. per month on the unpaid balance, secured by a chattel mortgage executed by one of the signers. It is alleged that the principal of the note has been reduced to $250, and the suit is for that amount, plus interest thereon from October 26, 1929, at the rate of 3½ per cent. per month, and an additional amount of 15 per cent. on the principal and interest for attorneys fees, with recognition of the chattel mortgage securing the note.

The note is annexed to and made a part of the petition. On the reverse of the note there is an indorsement of a payment of $13.85 under date of April 22, 1931, with an extended balance made on the same line to the right of the amount of the payment and in a column headed "balance," the figures $250. Below this line there appear several dates with the same balance extended opposite each, but with no notation of any payments on the note opposite these dates. The last of such indorsements on the back of the note is "1–23–33 bal. 250.00."

On the face of the note, after the usual provisions for maturing the note on default in the payment of any installment and the waiver of protest, etc., by the indorsers and sureties, there is a clause to the effect that the makers, indorsers, guarantors, and sureties agree that the time of payment of the note may be extended from time to time, one or more times, without notice of such extension or extensions and without previous consent. In its petition, the plaintiff, after referring to this provision in the note, alleges "that in accordance with said provision, petitioners herein extended the note, on January 23rd, 1933." This suit was filed on April 5, 1937.

All three defendants filed a plea of the five-year prescription against the note under article 3540 of the Civil Code. This plea of prescription was sustained and the suit dismissed. The plaintiff has appealed.

In brief and in oral argument reference was made by counsel for defendants to certain testimony taken on the plea in the trial court, but which testimony was not included in the transcript filed in this court. It was agreed that this testimony would be filed in the transcript without remanding the case for that purpose, but the testimony has not been filed. However, as we are in a position to pass on the plea of prescription on the face of the pleadings and the note, it is unnecessary for us to remand the case for completing the transcript.

The last installment on the note matured on June 26, 1931. The last payment is indorsed on the note under date of April 22, 1931, almost six years before the suit was filed. No allegation is made of any payments on the note subsequent to the payment mentioned above. Therefore, the note is prescribed on its face under the plain provisions of article 3540 of the Civil Code, unless it was legally extended in January, 1933, as alleged in the petition.

There is no allegation that the extension alleged to have been made in January, 1933, was made at the request of the signers of the note, or any one of them, nor is it alleged that any of the signers knew of the extension or consented to it. But plaintiff contends that the signers of the note, by the clause above referred to, have invested the holder of the note with the power to extend it at will and without their knowledge or consent; that this authority is in the nature of a mandate, conferring this power of extension on the holder until revoked by the signers of the note; that by indorsing on the back of the note the notation under date of January 23, 1933, showing a balance of $250, the holder indicated an extension of the note to that date, and prescription did not begin to run until then. But we are unable to agree with this contention.

In the first place, it is our opinion that the provision under discussion was placed in the note to make it unnecessary for the holder to secure the consent of all makers, indorsers, or sureties in making extensions by arrangement and agreement with any one of them. As all of the signers

of the note bound themselves in solido for its payment, as to the holder they were in the same position as original makers, even though as between themselves they might have been liable only as accommodation indorsers or sureties, with the right of recourse against the true maker in case they were forced to pay the note. Continental Bank & Trust Co. v. Bouterie et al. (La. App.) 169 So. 812. Being thus bound to the holder in solido, any extension of the note without the consent of the indorsers or sureties would discharge them, but for the provision in the note waiving consent and notice. Isaacs et al. v. Van Hoose, 171 La. 676, 131 So. 845. And had any of the defendants been indorsers or sureties, as to the holder, an extension of the time of payment, without their consent, would have discharged them; without this waiver in the note. Civil Code, art. 3063; Act No. 64 of 1904, § 120.

Instead of the provision being in the note as a continuing mandate from the makers to the holder authorizing the latter at will and without any request from the maker or other parties liable to extend the note ad libitum, we think the provision was put in the note to obviate the necessity of securing the consent of the sureties and indorsers whenever an extension was granted by agreement with the party or parties primarily liable.

In the second place, if the construction contended for by plaintiff is placed on this clause in the note, it would permit the holder to indorse extensions on the back of the note from time to time, without any request from any of the parties liable thereon and without their knowledge and consent, but purely as his whims or interests dictated, and thus prevent prescription from running against the note. This would be in effect a circumvention of article 3460 of the Civil Code which prohibits a person from renouncing a prescription not yet acquired.

The prescription by which a debt is released results from the silence and inaction of the creditor for a certain length of time. If he fails to urge his claim during that period of time after his right accrues, he is completely barred from pursuing his action. C.C. art. 3459. Of course, the debtor can prolong the prescriptive period by acknowledging the debt, and in this way fix a new date from which the prescription is to run. C.C. art. 3520. In neither plaintiff's petition nor in the note annexed thereto does it appear that there has been any interruption of the course of prescription since the maturity of the note, except the payment made thereon on April 22, 1931. When a note is prescribed on its face, the burden is on the creditor to allege and prove that the course of prescription has been interrupted by some acknowledgment on the part of the debtor, or by some agreement of extension of the maturity date of the debt. Cullota v. Washington, 7 La.App. 75; Commercial Nat. Bank v. McDaniel (La.App.) 156 So. 43.

For the reasons assigned, the judgment is affirmed.