## H. J. COTTAM & CO., Inc. v. RAPHAEL.

### No. 2154.

Court of Appeal of Louisiana. First Circuit.

Nov. 9, 1940.

Rehearing Denied Dec. 12, 1940.

Writ of Error Refused Jan. 6, 1941.

C. A. Blanchard, of Donaldsonville, for appellant.

C. V. St. Amant and S. A. Marchand, both of Donaldsonville, for appellee.

DORE, Judge.

This is a suit on a promissory note executed by defendant, in favor of plaintiff, of date of October 31, 1927, payable six months after date. Suit was filed and citation served on May 29, 1937, more than nine years after maturity of the note. In order to take the note from under the bar of prescription, plaintiff alleged in its original petition that the note "has been several times extended at the request of the defendant, the last being of date Feb. 15, 1934, when said note was extended for a period of two years." Plaintiff annexed the original note to the petition, and on looking at the extensions alleged in order to take the note out of prescription, we find two notations endorsed on its back, one of date of April 4, 1928, and the other of date of Feb. 15, 1934, as mentioned in the petition; both of the notations, however, being signed "H. T. Cottam & Co. Inc., C. J. Everett, Secretary."

Several dilatory exceptions and pleas were filed by the defendants, but it appears that these pleas are not urged on appeal. Whether these pleas were the cause or not, plaintiff, in order to further strengthen its action against an anticipated plea of prescription, filed a supplemental petition wherein it alleged that the note declared upon was the sole and only obligation of defendant to plaintiff and that the defendant had on various occasions during each year from 1928 to 1934 made verbal acknowledgments of the claim and promises of payment to its salesman, and had re-

peatedly requested the delay in the enforcement of the obligation. Plaintiff further alleged that, in addition to the said oral promises, the defendant had written five letters acknowledging the indebtedness and making promises to pay the same and sets out the dates of those letters, the last being dated Feb. 13, 1934, annexing all five letters to its supplemental petition and making them a part thereof.

The defendant filed a motion to elect, contending that the original suit was based on a note, whereas, by the supplemental petition it now appears that the suit is on an account; the plaintiff filed a motion to strike out certain allegations in the motion to elect; the motion to elect was disallowed. Defendant then filed a plea of five years' prescription in accordance with Civil Code, Article 3540.

When the plea of prescription came up for trial, defendant submitted the plea on the face of the papers, whereupon the plaintiff also submitted the matter without offering proof to show the interruption which it had alleged. The district judge sustained the plea and dismissed plaintiff's suit. Plaintiff has appealed.

There seems to be only an issue of law presented in the case and that is with regard to whose duty it was to offer testimony. The plaintiff contends that the defendant having filed the plea, it was necessary for him to support the plea with proper proof, and having submitted the plea without testimony, the court must accept as true the allegations of the petition which on their face show an interruption. The defendant, on the other hand, contends that it is the plaintiff's duty to prove, as it had alleged, the interruption. Both sides cite certain decisions of the Supreme Court and of the Courts of Appeal on the question, each contending that the decisions support their respective contentions.

■ The cases of Foster & Glassell Co. v. Knight Bros., 152 La. 596, 93 So. 913, Jeanfreau v. Jeanfreau, 182 La. 332, 162 So. 3, 5, and Succession of Smith, 182 La. 389, 162 So. 21, relied on by plaintiff in which it seems to be held in effect that for the purpose of considering a plea of prescription the allegations of the petition must be accepted as being true, are not cases dealing with promissory notes or open accounts, but rather involving pleas of prescription against certain causes of action arising on other grounds. In the Glassell case, an employer, having paid compensation to its employee, was seeking indemnity against a third person liable for the employee's injury. The matter in dispute in the Jeanfreau case, was the ownership of a boat. It was incumbent on the defendant, in order to sustain his plea of prescription under Art. 3506, to show adverse possession in good faith and by a just title, as owner, during the three successive years without interruption, to plaintiff's. Plaintiff's allegation of ownership was corroborated by the only testimony in the record. In the Succession of Smith, the plaintiffs sought to annul and avoid the will of their grandfather, and also to annul and avoid a purported act of renunciation of their father in his father's succession. The plea of prescription filed was under Civil Code, Article 3542. The respective records of the proceedings mentioned in the plaintiff's petition were annexed and made part thereof. It was also conceded that more than five years elapsed from the death of plaintiff's father to the filing of the suit and that during that time plaintiffs were majors. Plaintiffs could not prove more than they had alleged and the documents annexed showed the transactions. These cases did not deal with any allegations to interrupt prescription. But where in a case like the present one, the object of the suit is a promissory note, and the note itself, as well as the written proof offered to show interruption of prescription are part of the pleadings, we are of the opinion that the principle of the cases supra does not apply. There are too many decisions holding that on an obligation of this character, the holder of the obligation sued on is held to the duty of showing that it is not prescribed. As stated in perhaps the most logical of all the opinions, Manders v. Irwin, 118 La. 1048, 43 So. 698, 699, the plea of prescription admits the debt only in so far as prescribed. Furthermore, the court makes a statement which seems to us to be unanswerable and that is that "if the plea admitted the allegations made to take the debt out of prescription, it would be self-destructive." We are, therefore, of the opinion that the burden of proof rested with the plaintiff to introduce evidence to show that prescription had been interrupted.

■ The note, on its face, shows that it is long prescribed. As far as the allegations in the original petition, with reference to the endorsements on the back of

the note, are concerned it is apparent that they are not sufficient, when read in connection with the manner in which the endorsements themselves are made, to show any interruption of prescription. These endorsements as shown are not made and signed by the defendant, the maker of the note, but are made and signed by the agent of plaintiff company. If these endorsements were permitted to serve in order to take the note out of prescription it would be an easy matter for anyone holding a note to release it from the effects of prescription by simply taking it and writing endorsements on the back of it as he pleases. We had somewhat a similar question involved in the case of Continental Bank & Trust Co. v. Simmons, La.App., 177 So. 384, and stated that to sanction such a practice would in effect amount to a circumvention of Article 3460 of the Civil Code which prohibits a person from renouncing a prescription not yet acquired.

▆▆ Plaintiff no doubt appreciated the situation with which it would be confronted, as it found it necessary later to file the amended and supplemental petition making other allegations regarding acknowledgment of the debt in writing and annexing to that petition five certain letters which it alleges show an interruption. The weakness of plaintiff's position now in contending that the court should take the allegations of the petition as true to hold that there had been an interruption of prescription lies in the fact that it has annexed the letters and made them part of his petition to support its allegations and that these letters now control whatever averments are made in the petition itself. Defendant, in the first two letters, states that he is enclosing the sum of $3, to be applied on his account. The third seems to be in reply to a letter from plaintiff, and defendant again refers to an account. In the fourth letter defendant seeks plaintiff's aid relative to taxes due on his property situated in St. John Parish, and again refers to his account. The fifth letter has reference altogether to delinquent taxes due by defendant. The note does not bear any credit payment of the $6 enclosed in the first two letters. When we consider these letters and find that in none of them is there any mention of the note sued on nor the mention of any specific indebtedness upon which plaintiff is attempting to recover, then we are of the opinion that (even accepting plaintiff's legal conten-

tion) we have to maintain the plea of prescription on the petition itself which is controlled by the documents relied on to support it. In order to interrupt prescription, the acknowledgment of the debtor must be clear, direct and absolute, and it must be the acknowledgment of the debt claimed. Heard v. Heard, La.App., 149 So. 156; Reconstruction Finance Corp. v. Thompson Gin Co., La.App., 168 So. 715; Stovall v. Tolar, La.App., 172 So. 539.

We are of the opinion that (1), as previously stated, it was incumbent on plaintiff to introduce proof showing interruption of prescription, and having failed to do so, the judgment below is correct. We are of the further opinion that, even assuming that the allegations of the petition, together with the annexed documents, to be true, they fail to show an interruption of prescription, and that the judgment should be affirmed even if we agreed with plaintiff's legal contention.

Judgment affirmed.

OTT, Judge (dissenting).

I agree with what is said in the opinion being handed down in this case to the effect that, the note appearing on its face to be prescribed, the burden was on the plaintiff to allege and prove facts showing an interruption of prescription on the note. Continental Bank & Trust Co. v. Simmons et al., La.App., 177 So. 384; Lowentritt v. Posey, 5 La.App. 449; Sherrouse, Ltd. v. Phenix, 14 La.App. 629, 128 So. 536; Stovall v. Tolar, La.App., 172 So. 539; Cullota v. Washington, 7 La.App. 75.

However, the Pleading and Practice Act (Act 157 of 1912, as amended) provides that all material facts alleged in the petition and not denied shall be deemed admitted. This act also provides that all exceptions involving matters of fact (and it would seem that an exception of prescription raising the question of an interruption does involve matters of fact) must be verified the same as the allegation of a fact in a petition or an answer.

So it appears to me to be very logical that where a plaintiff alleges, as in this case, that the defendant owes it only one debt and that this debt has been acknowledged during the running of prescription verbally and by letters, these letters being annexed to the petition, it then becomes necessary for the defendant who pleads prescription to deny the alleged interruptions, and if he fails to so deny them they

might be taken as true. This conclusion seems to be supported by the decision in the case of Jeanfreau v. Jeanfreau, 182 La. 332, 162 So. 3, and the other two cases mentioned in the opinion on this same point. It should be remembered that the case of Manders v. Irwin et al. cited and largely relied on in the majority opinion was decided before the Pleading and Practice Act was passed.

In any event, it seems to me that there is so much doubt and confusion on this question as to whether or not it was the duty of the defendant to deny these alleged interruptions of prescription pleaded by the plaintiff, or whether plaintiff bears the burden of proving these allegations without any denial of them by defendant that we should give the plaintiff another opportunity to prove these interruptions if we are going to hold that it bears that burden. Article 906 of the Code of Practice gives the appellate courts a wide latitude in remanding cases for the taking of further testimony where the ends of justice would be best served by taking that course. That is what this court did in the case of Cullota v. Washington, 7 La.App. 75, and that is the course I think we should adopt in this case.

I therefore respectfully dissent.