## RECONSTRUCTION FINANCE CORPORATION v. ARDILLO et al.

### No. 2211.

Court of Appeal of Louisiana. First Circuit.

March 4, 1941.

Ponder & Ponder, of Amite, for appellant.

Reid & Reid, of Hammond, and S. S. Reid, of Amite, for appellees.

DORE, Judge.

This is a suit upon a promissory note made and executed by defendants Floyd, Leroy and Nick Ardillo, and endorsed by defendant T. T. Mayer, bearing date of June 9, 1932, maturing on May 22, 1933, for the principal sum of $220.65, bearing interest at the rate of 8% per annum from maturity until paid.

Plaintiff alleges that it is the holder and owner, for value before maturity, as pledgee of the said note, and alleges that the interest on the said note had been paid to November 22, 1933; plaintiff prays for a judgment in solido against the defendants. Nick Ardillo died prior to the institution of the suit, and, while he is joined in the suit, no effort was made to hold his succession or heirs.

The remaining defendants, in their answer, admitted the execution of the note, but denied any payment of interest thereon, and alleged that, as the note was due on May 22, 1933, and the suit was filed on November 7, 1938, more than five years had elapsed and that, therefore, the note was prescribed under Civil Code, Article 3540.

Judgment was rendered in favor of the defendants sustaining the plea of prescription and dismissing the suit. Plaintiff has appealed.

On the back of the note, the following notation appears: "8–7–33 Int. Pd. 11–22–33." The decision of this case depends upon whether or not the payment of interest on August 7, 1933, to November 22, 1933, and the endorsement thereof, was made by or with the authority of any one of the defendants. This presents purely a question of facts which was solved in favor of defendants by the lower court, and, unless we can find manifest error in the lower court's conclusion, the judgment should be affirmed.

The evidence shows that the endorsement, as found on the back of the note, was made by Mr. Patenotte, the assistant cashier of Tangipahoa Bank & Trust Company, the holder of the note, but Mr. Patenotte would not positively state who had made the payment or how it was made. The substance of his testimony on this point is to the effect that he would not have made the endorsement unless the payment

of interest had been made and the due date of the note had been extended to November 22, 1933.

The three defendants positively denied having paid any interest on the note and positively denied having any knowledge of anyone making a payment on their behalf.

The case was submitted to the court, and on this testimony, the plea of prescription was sustained; but prior to the signing of a judgment to that effect, the plaintiff filed a motion for a new trial, which was granted.

On the second hearing of the case, the plaintiff produced a note made and executed by Roy Ardillo and Floyd Ardillo, two of the defendants in this case, dated August 1, 1933, becoming due on November 1, 1933, payable to the order of Amite Bank & Trust Company, for the sum of $33.65, bearing interest at the rate of 8% per annum from date. This note bears no endorsement of any kind. Relative to this note, the plaintiff offered the testimony of Mr. Patenotte, the assistant cashier of the Tangipahoa Bank & Trust Company, at the time of its execution, who testified that the note was in his handwriting and his name appeared as a witness thereon and that the bank took notes for past and future interest due on notes of its customers but he could not testify positively that this note covered any interest payment on the note in question.

It appears that the Ardillos, the defendants herein, owed the bank two other notes besides the one which is the basis of this suit. It is suggested by Mr. Patenotte that the note of $33.65 may have been executed to cover all of the interest due on the several notes due the bank at that time, but we are not concerned with probabilities.

In order to interrupt prescription, the acknowledgment of the debtor, or one authorized by him, must be clear, direct and absolute, and it must be the acknowledgment of the debt claimed. Heard v. Heard, La.App., 149 So. 156; Reconstruction Finance Corporation v. Thompson Gin Co., La.App., 168 So. 715.; Stovall v. Tolar, La.App., 172 So. 539; H. J. Cottam & Co., Inc. v. Alex Raphael, La.App., 198 So. 513. The burden was on the plaintiff to prove this kind of acknowledgment on the part of at least one of the makers or the endorser of the note, all being liable in solido. Continental Bank & Trust Company v. Simmons et als., La.App., 177 So. 384.

The trial judge reached the conclusion that the plaintiff had failed to show an interruption of prescription, and, under the facts as we find them, we cannot say that he erred.

For these reasons, the judgment of the lower court is affirmed at the cost of appellant in both courts.