This is a suit by the State Bank Commissioner, acting in his capacity as the liquidator of the Tangipahoa Bank Trust Company, in Liquidation, to recover judgment against the defendant, Nic Cefalu, on a certain promissory note made and executed by him on August 22, 1932, for the sum of $275, payable June 1, 1934, with interest at eight per cent per annum from maturity, plus ten per cent of the principal and interest stipulated as attorneys' fees, less a credit of $10.75 alleged to have been paid on June 29, 1938. The suit was filed on September 4, 1940. The defendant answered, specifically pleading the prescription of five years as provided in Article 3540 of the Revised Civil Code. The lower court sustained the plea and the suit was dismissed. Plaintiff has appealed.
The note in question was made payable to the order of and endorsed by C.S. Stewart. Cefalu alone is made defendant herein, plaintiff alleging that Stewart is now deceased. The right to sue his estate is however reserved.
At the out-set it might be stated that there is an admission in the record by counsel for plaintiff that the credit of $10.75 shown on the back of the note does not constitute an interruption of prescription and it is not necessary therefore to give this matter any further consideration.
In order to defeat the plea of prescription that is urged, plaintiff relies on an acknowledgment alleged to have been made prior to the accrual of prescription. Mr. L.B. Ponder, an attorney who at one time held notes of the Tangipahoa Bank 
Trust Company, in Liquidation, for collection, among them being some of which the defendant was an obligor, testified on behalf of the plaintiff. His memory about the note sued on herein seems rather hazy, but he does recall that the defendant once asked him to withhold any action against him until the strawberry season was over, at which time he expected to be able to make a payment. It turned out that the strawberry season was poor and Cefalu then requested that he wait until after the bean crop would have been harvested. This was in 1939. It is rather significant that Mr. Ponder obviously refused to state definitely that he remembers having the particular note sued on herein, for collection, or that Cefalu made any acknowledgment concerning it.
In addition to this testimony the plaintiff introduced in evidence a letter written by its present attorney, Mr. W.S. Rownd, of the law firm of Rownd Tycer, to the defendant, on May 2, 1941, which reads as follows:
"The matter of settling your indebtedness to the Tangipahoa Bank Trust Company in Liquidation has been held up for a long time. This was done for your accommodation, it has now come to the point where we must have immediate settlement of the matter.
"Please arrange for an immediate settlement, otherwise we will be forced to take some action to enforce collection.
"Thanking you to give the matter your immediate attention, we are,
"Yours very truly,
"Rownd Tycer
"By W.S. Rownd"
After receiving the letter, Mr. Cefalu wrote the following notation at the bottom of it and returned it to Mr. Rownd:
"Please hold this up until about one week after the strawberry deal. Will be down to see you and Mr. Harpole.
"Nic"
There is nothing in the letter or in Mr. Cefalu's notation which would indicate that the indebtedness referred to was the particular note sued on herein. On the contrary, the record shows that Mr. Cefalu was otherwise indebted to the bank and at least one of his obligations had already been reduced to judgment.
The defendant denies making any acknowledgment of or agreement to pay the note sued on.
In the case of Reconstruction Finance Corporation v. Ardillo et al., 200 So. 687, 688, this court stated: "In order to interrupt prescription, the acknowledgment of the debtor, or one authorized by him, must be clear, direct and absolute, and *Page 844 
it must be the acknowledgment of the debt claimed." This ruling is in accordance with the one made in several cases that are cited. Further in that case it was stated that: "The burden was on the plaintiff to prove this kind of acknowledgment on the part of at least one of the makers or the endorser of the note, all being liable in solido." The plaintiff has produced no such proof of acknowledgment on the note sued on herein and in the absence of any, necessarily the plea of prescription had to be maintained as was correctly held in the judgment appealed from.
Judgment affirmed, appellant to pay all costs.